## HODGDON & al. versus CHASE.

A promise, not in writing, made by a debtor, (in consideration of a pay-day extended,) that he will not take advantage of the statute of limitations, will not support an action brought upon the breach of such promise.

ASSUMPSIT. The declaration, in substance, alleges *that* the defendant owed the plaintiffs on account; *that* their right of action had existed nearly six years; *that* the defendant was then called upon for payment; *that* he asked further delay, and verbally promised, if delay could be granted, " that, in the trial of any action or suit, subsequently commenced by the plaintiffs against him on said demand, he would waive the statute of limitations and never take any advantage of the same, or plead the same in bar of said action;" *that* he still neglected to pay; *that,* after the six years had expired, the plaintiffs brought suit against him on the account; *that* he pleaded the statute of limitations and prevailed; recovering costs to the amount of $40,14 against the plaintiffs." The plaintiffs claim to recover, in this suit, the said amount of costs and also the original debt and the costs by the plaintiffs incurred in said action, amounting in all to $136,71.

The defendant demurred to the declaration.

*Cutting,* for plaintiffs.

" A promise, in consideration of the forbearance of a suit for a certain time, is good; for that is for the benefit of the defendant, though the action is not discharged." 1 Com. on Contracts, 11.

" If there be any benefit or prejudice, however trifling, it is deemed a sufficient consideration." *Ib.* 14.

The defendant invokes R. S. chap. 146, sect. 19, which provides that, " in actions of debt or upon the case, founded

upon any contract, no acknowledgment or promise shall be allowed, as evidence of a new or continuing contract, whereby to take any case out of the operations of the provisions of this chapter, or to deprive any. party of the benefit thereof, unless such an acknowledgment or promise be an express one, and made or contained in some writing, signed by the party chargeable thereby."

Now, I contend, that an agreement to waive the statute of limitations, or never to take. advantage of the same or plead it in bar, is not within the letter or spirit of that section.

It is neither an *acknowledgment of a debt* or a *promise to pay a debt.* This latter language when used verbally and previously to the Revised Statutes had been held sufficient, not only as evidence of indebtedness, but also to take the case out of the statute of limitations.

Courts had decided, in the first place, that there must be a promise to pay.

Afterwards, that doctrine was modified and extended to an acknowledgment of indebtedness, the court holding that that implied a promise to pay.

The books are full of decisions as to *those two points.* And inasmuch as evidence of *verbal* admissions was admissible, under the former law, that law became subject to abuse.

The Legislature of 1841, undertook to remedy that evil and that only.

They not only declare that the acknowledgment or promise shall be in writing, but an express one, in contra-distinction to the adjudicated implication.

And when that acknowledgment or promise is an express one, reduced to writing and signed, it becomes plenary proof of the original debt, as well as a bar to the statute of limitations.

Can it for a moment be contended, that the Legislature or the codifiers of the law ever designed any other alteration, than to substitute *written* for *verbal,* and an *express* promise instead of an *implied* one, which embraced the subject-matter

Hodgdon *v.* Chase.

of every decision up to that time? See also sect. 20. Agreement to waive could not affect a joint original promisor, even before that section was enacted.

At that time, there had been no adjudicated cases upon any agreement or contract to waive the statute of limitations, or not to plead it in bar, which language is no acknowledgment of a legal claim, or a promise to pay a cent. And even under the old law and decisions, as liberal as they were, such words could have no force or effect upon the original debt, as evidence.

And even the original action, referred to in the case at bar, was in no way affected by this contract. The original action and cause of action has been lost; of that I do not now complain, but of the violation of the defendant's promise, which *caused that loss. Hodgdon & al.* v. *Chase,* 29 Maine, 47, where this court say, " whether an action could be maintained upon the promise, which it is contended has been proved, it is unnecessary to determine."

There is nothing in that decision which militates in the least against the plaintiffs' right to recover in this action; but on the contrary the doctrine there advanced is favorable to their recovery.

The doctrine there advanced is precisely what I have been contending for, to wit, in the language of the court, "The Legislature must have intended to change the existing law, and not to trust to the memory of witnesses in testifying to a *new promise or acknowledgment of indebtedness.*"

The court have not said, that an express contract to waive the statute of limitations, when not in writing, is invalid. But they have said, that such a contract is not within said 19th section of chapter 146. *Warren* v. *Walker,* 23 Maine, 453.

" Where a new promise is relied on as an answer to the plea of the statute of limitations, the declaration is founded on the original cause of action." *Barrett* v. *Barrell,* 8 Maine, 353.

And such a promise, under the 19th section, *now* must be in

writing, in which event the original cause of action, and not the new promise, is the foundation of the suit.

In this case I do not contend that the agreement to waive the statute of limitations continued or revived the original claim.

But the plaintiffs were obliged to sue the original demand in order to ascertain whether or not, the defendant would violate his subsequent agreement.

Had the agreement then to waive the statute been in *writing and signed by the defendant*, the plaintiffs could not have relied on said 19th section in support of their original action, for the agreement was, as this court have decided, neither an *acknowledgment* of the debt, or a *promise* to pay. Thus clearly showing that the agreement to waive, &c., is not embraced in said section.

If the plaintiffs then could not have relied on the said section in their original action, can the defendant now do it? *And this I say, supposing the agreement to waive had been in writing*.

Can that section then be construed to be more comprehensive at one time than at another? Or can the same agreement be shut *out* at one time, and shut *in* at another?

Again, the word, "*whereby*" in the 19th section, may be denominated the copula which connects the subject that precedes with the predicate that follows. The *predicate* cannot enlarge the *subject*.

So in this case, to the " acknowledgment or promise," which has been decided to be an acknowledgment of indebtedness or promise to pay, there cannot be added an *agreement to waive the statute of limitations*, for it would be an addition to, and an enlargement of the subject, and a third and additional proposition brought in on the wrong side of the "*whereby*," which stands "*in media via*" and like a faithful sentinel permits no one to pass without the countersign. The Legislature has not given the countersign; it has only selected two soldiers and invested *them* with the pass-word, while the third is shut out and left to inhabit the castle of his ancestors.

Reed *v.* Tay.

The contract declared on, is then a valid contract, at common law, and it is not embraced within the letter or spirit of the 19th section of chapter 146, and consequently is not affected by it.

*Knowles*, for defendant.

SHEPLEY, C. J., orally. — This is an action of singular type. It has been argued by the plaintiffs' counsel with much ingenuity and force. But we think the reasoning cannot prevail. To maintain such an action would render the statute inoperative, except to change the form of actions from assumpsit to case or tort.        *Demurrer held good.*