## Ida E. Oberly *v.* Kate Oberly, Appellant.

*Judgment—Opening judgment—Married women—Fraud—Evidence.*

The unsupported testimony of the defendant, admitting the execution of the instrument on which judgment is entered, but alleging fraud in the procurement and use of it, when directly opposed by the testimony of plaintiff, is insufficient for the opening of the judgment, or to be submitted to the jury on the trial of an issue awarded.

A judgment entered on a judgment bond under seal executed by a married woman in 1898, without the knowledge of her husband, in favor of a daughter, will not be opened on the grounds that it was executed by a married woman; that it was without consideration, and that it was in fraud of the husband's rights; the evidence showing that the bond was really a gift to the plaintiff, and executed without fraud or duress.

Argued Feb. 27, 1899. Appeal, No. 67, Jan. T., 1899, by defendant, from order of C. P. Berks Co., March T., 1898, No. 149, discharging rule to open judgment. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to open judgment.

The court discharged the rule filing the following opinion:

Mrs. Kate Oberly, a married woman, defendant, on March 29, 1898, duly executed and delivered to her daughter, Ida E. Oberly, now Ida E. Witman, then unmarried, a judgment bond for the sum of $1,000. Said bond contained the usual confession of judgment clause, and was entered in the prothonotary's office of Berks county the day following its execution and delivery. The bond called for the payment of $10.00 monthly until such a time when the defendant could pay the $1,000 in full. In accordance with the provisions of this bond she made several payments to her daughter without any objection or contest. On June 8, 1898, she presented her petition for a rule to show cause why judgment should not be opened, alleging, as

the grounds thereof, the following reasons: (1) incapacity to execute said bond, she being a married woman; (2) want of consideration; (3) fraud upon the husband; (4) Fraud, accident, mistake, covin, conspiracy practiced upon defendant by the plaintiff's husband and by the plaintiff herself. Neither of these grounds are sustained by the depositions.

Since the passage of the Act of June 3, 1887, P. L. 332, and the Act of June 8, 1893, P. L. 344, the power of a married woman to contract is so general that her inability is the exception rather than the rule: Koechling v. Henkel, 144 Pa. 215. A judgment confessed by a married woman is now presumably valid. If she claims protection under her condition of marriage she must show affirmatively, not only her marriage, but also the presence of those circumstances which relieve her from liability: Stahr v. Brewer, 186 Pa. 623; Abell v. Chaffee, 154 Pa. 254. The act of 1893 provides that a married woman shall have the same right and power as an unmarried person to acquire, own, possess, control, use, lease, sell or otherwise dispose of any property of any kind, real, personal or mixed, and either in possession or expectancy, and may exercise said right and power in the same manner and to the same extent as an unmarried person. She may, in the same manner and to the same extent as an unmarried person, make any contract in writing or otherwise which is necessary, appropriate, convenient or advantageous to the exercise or enjoyment of the rights and powers granted her by the act; but she may not become accommodation indorser, maker, guarantor or surety for another, and she may not execute or acknowledge a deed or other written instrument conveying or mortgaging her real property unless her husband join in such mortgage or conveyance. The execution of the bond in question is, therefore, not prohibited by the act. Nor is the bond void for want of consideration. Being under seal, it imports a consideration. The want of a consideration is not a defense to the bond. Where the obligor, with a capable will, without fraud or duress, executes and delivers a bond to the obligee, it is a gift of the money mentioned in it, and its payment may be enforced: Burkholder v. Plank, 69 Pa. 225; Hinney v. Phillips, 50 Pa. 382. The alleged fraud upon the husband has no existence in fact, nor is he a factor in this proceeding. Should the sale be made upon the judgment of the

wife her property, and her property alone, can be sold. The interest which the husband may have therein would not pass at sheriff's sale. That the husband was kept in ignorance of the execution of the bond is of no consequence. There was no fraud, for the wife, having the right to execute, and the plaintiff the right to receive, neither was bound to inform the husband of that fact. The allegations of fraud, accident, mistake, covin, and conspiracy practiced upon defendant by the plaintiff's husband and by the plaintiff herself are also unsupported by the testimony. It is unnecessary to discuss the testimony in all its varied aspects. A great deal of its details might have been omitted with profit to the defendant and with consideration to the reputation of all the parties concerned. The statement of the defendant that she was induced to sign this by the declaration of the suitor of the plaintiff that he would take her away, take her to Atlantic City without being married, and that this was the inducing cause of her making this bond, is too absurd either to be advanced or considered. Besides, even if made, it came from the person, not to whom the bond was delivered, but one who was an outside party, and the person against whom redress is sought must be a party to the act of duress: Lester v. Union Manufacturing Co., 1 Hun, 288. Besides, the making of the alleged threat is denied by both the plaintiff and Witman who is alleged to have made it. On the contrary, it sufficiently appears from the testimony that the bond was a gift by the defendant to her daughter, made in contemplation of her daughter's approaching marriage. The defendant was the owner of building association shares valued at $1,000. She has a life estate, under her father's will, netting her between $45.00 and $50.00 a month, and an admitted interest of $1,100 in property No. 1137 Oley street. She has a husband with regular employment, and two children. Therefore, the making of the bond and its payment will not impoverish her or be an unfair advancement to her daughter. She had in contemplation the transfer of the building association shares but finally concluded to give the daughter the bond. A meeting before the attorney who drew up the bond was arranged. There is nothing to show that the donor was incompetent to make the gift or which raises a suspicion of fraud or undue influence on the part of the donee. The gift was the voluntary and intelligent act of the donor,

which she had a right to make to her daughter: Yeakel v. Mc-Atee, 156 Pa. 600.

As to the facts alleged by the defendant in her petition we have only her own testimony, and for this reason, if there were no other, this judgment could not be opened or set aside. Nothing is better settled than that it requires more than the testimony of the defendant to move a chancellor to open a judgment. The unsupported testimony, on oath, of the defendant admitting the execution of the instrument with a knowledge of its provisions, but alleging fraud in the procurement and use of it, which is directly opposed by the testimony, on oath, of the plaintiff, is insufficient to warrant the opening of the judgment or to be submitted to the jury on the trial of an issue awarded: English's App., 119 Pa. 533; Oppenheimer v. Wright, 106 Pa. 569.

In arriving at this conclusion, we have not overlooked the doctrine laid down in Worrall's App., 110 Pa. 349; Greenfield's App., 14 Pa. 489; Miskey's App., 107 Pa. 611, wherein it was held that a transaction between persons in a confidential relation is regarded with jealousy and solicitude, and if there be found any trace of undue influence or unfair advantage, redress will be given to the injured party, and that where the question agitated is a gift the rule is more stringent than where the advantage flows from a contract of mutual arrangement. But these authorities hold that " There is nothing in the relation of parent and child, or other near relation, to preclude one from accepting a benefit from the other in the shape of a gift, or of a contract upon more advantageous terms than would have been granted to a stranger, and the fact that such a gift has been conferred or contract made will not warrant an inference that it has been procured by undue influence. Unless there is something suspicious in the circumstances, or the nature and the amount of the gift is such that it ought not to have been accepted, even if freely tendered, the donee will not be called upon to show that the transaction was in all respects fair and honest, and in no respect tainted by fraud or undue influence."

If we hold that this burden was incumbent upon the owner of the bond to show the fairness and legitimacy of the transaction, the evidence clearly indicates that she has accepted this burden and has shown that the giving of the bond was without

duress and in pursuance of an intention repeatedly declared by the mother to give her the $1,000 in contemplation of marriage. It would seem to have been more of an afterthought to contest the giving of the bond, but the gift having once been freely and voluntarily executed, remained irrevocable.

Defendant having failed to sustain her case, the rule is discharged.

*Error assigned* was the order of the court.

*D. E. Schroeder,* for appellant, cited Brawdy v. Brawdy, 7 Pa. 157; Renwick Bros. & Co. v. Richardson, 5 Pa. Superior Ct. 202; Fisher v. Holbrook, 7 Pa. Superior Ct. 647; Rhodes v. Bate, L. R. 1 Chan. App. Cases, 252; Huguenin v. Baseley, 14 Vesey, 273; Yeakel v. McAtee, 156 Pa. 600; Bond v. Bunting, 78 Pa. 210; Walsh's App., 122 Pa. 177; Powell's App., 98 Pa. 403; Glidden v. Strupler, 52 Pa. 400; Radford v. Carwile, 13 W. Va. 572; Wells v. Bunnell, 160 Pa. 460; Elkin v. Timlin, 151 Pa. 491; Nugent v. Wolfe, 111 Pa. 471; Close v. Zell, 141 Pa. 390.

*Caleb J. Bieber,* for appellee, was not heard but cited in his printed brief: Jenkintown Nat. Bank's App., 124 Pa. 337; Applebee's App., 126 Pa. 385; Worrall's App., 110 Pa. 349; Burkholder v. Plank, 69 Pa. 225; Wells v. Bunnell, 160 Pa. 460.

PER CURIAM, March 13, 1899:

We are satisfied, from our examination of the evidence in this case, that it is wholly insufficient to sustain the rule to show cause why the judgment should not be opened and the defendant let into a defense. The learned court was therefore clearly right in discharging the rule.

Decree affirmed and appeal dismissed at appellant's costs.