## McIntosh, Appellant, v. Condron.

*Statute of limitations—Waiver—Promissory notes—Seal.*

A waiver under seal of the "claim and benefit of the statute of limitations" indorsed on a promissory note more than six years after the note had matured, will bar a plea of the statute of limitations in a subsequent suit on the note brought within six years from the date of the waiver.

*Statute of limitations—Promissory note—Waiver—Promise to pay—Evidence—Burden of proof.*

In an action upon a promissory note brought more than six years after its maturity, where the plea of the bar of the statute of limitations has been met by proof of an express waiver of the statute in writing and under seal indorsed on the note, and by an express oral promise to pay the note, and there is no evidence of fraud, imposition or undue influence in securing from the payee the waiver and the promise, and there is no evidence of the payee's lack of capacity, except that he was old and was subject to fainting spells, the plaintiff is entitled to explicit instructions that the waiver indorsed on the note, if executed under the circumstances detailed by the witnesses, was sufficient in law to remove the bar of the statute, and to cast on the defendant the burden of proving facts which in law would deprive it of that effect.

Argued Oct. 30, 1901. Appeal, No. 235, Oct. T., 1900, by plaintiff, from judgment of C. P. Blair Co., June T., 1899, No. 260, on verdict for defendant in case of Elizabeth McIntosh v. James Condron. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit on a promissory note. Before BELL, P. J.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:

[That acknowledgment and that promise, if they were made, certainly would be sufficiently clear and specific to bar the statute of limitations; and under ordinary circumstances I would feel it my duty to say to you, as a matter of law, that there was no defense to this action, because nobody attacks the credibility of McFadden as a witness. This being so, under ordinary circumstances, if the man who made the promise was a man in ordinary health and of ordinary age and mind, I would say that was an end of the case and the verdict should be for the plaintiff. But there is a legal principle, to which you have heard me allude during the legal argument of this case, which, I think, is agreed to in effect by plaintiff. That principle is this: When one produces and seeks to enforce a contract which is for his benefit and not for the benefit of the contracting party, and that contracting party receives no legal consideration for the contract, and said contracting party is an old man, feeble in health, the law requires a stricter proof of that contract than if the contracting party had been of ordinary age and ordinary health. The reason of the said legal rule which I have mentioned, I think, is that it may be that an old man, feeble in health, bowed down by his years, may have his mental faculties impaired; his memory, it may be, has grown poor and he might be the more easily persuaded than a man of ordinary health and ordinary age. When a contract, out of which he receives no benefit, is sought to be enforced against him, the law requires stricter proof of its due execution on the part of the person so seeking to enforce that contract than would be the case with a contracting party—the party whose obligation is sought to be enforced against him—of ordinary years and ordinary health. Or, to put it a little differently, the law would require a stricter proof possibly and more specific. After a note is barred by the statute of limitations, a period of six years after its maturity, and the owner of the note seeks to collect it from the maker of the note, the burden is on such owner of the note to show by the weight of the evidence a clear and explicit acknowledgment of the debt, coupled with a promise or the equivalent of a promise to pay. And when the alleged promisor, that is the person who is alleged to have made such an acknowledgment and such a promise to pay a

claim which is barred by the statute of limitations is an old man, feeble in health, the burden on the owner of the note becomes a more weighty one. And this principle of law, which I have referred to, at the same time makes this question as to whether the plaintiff has sustained the burden of proof of the acknowledgment and the promise to pay, a question for the jury and not for the court.

The defendant has produced evidence tending to show that at the time this alleged acknowledgment of the debt and promise to pay were made by James Condron, the debt was nearly $850; that his health was poor, and that he was feeble in body. The defendant has likewise produced some testimony which the defendant's counsel claims tends to show that his mental faculties were impaired, that his memory was bad and that he was easily persuaded to sign papers. If you believe this testimony, then you have the case of an old man, to which I alluded in stating the legal principle a little while ago, an old man, feeble in body and mind. And the fact that the alleged promisor is such an old man, feeble in body and mind, it seems to me, makes it a question for you, gentlemen, to determine, not for the court, whether the plaintiff has sustained the burden which the law casts upon her to show by the weight of the evidence a clear and explicit acknowledgment of the debt, coupled with a promise to pay.

The defendant's counsel argues that the plaintiff has not sustained this burden because of Mr. Condron's frailty and feeble condition and the alleged failure of his memory and the alleged failure of his mental faculties. Mr. Condron himself, when on the witness stand this morning, did not specifically deny Mr. McFadden's statement about it; and the sum of his testimony, as I recollect it, seemed to be that he himself claimed that he had no recollection of it. Counsel argues that he would not promise to pay it, as Mr. McFadden alleged; and as to another transaction there, he said he did not remember what he said. That is my recollection, and from the testimony of Mr. Condron and the other testimony produced by the defendant's counsel, he claims your verdict should be for the defendant. And such the finding in fact should be, if the plaintiff, the owner of this note, has not sustained the burden which the law casts upon her and proved by the weight of the evidence a clear and ex-

118, (1902).]    Charge of Court—Opinion of the Court.

plicit acknowledgement of the debt, coupled with a promise to pay it.] [11]

Gentlemen, you will consider all the evidence in the case, viewing it in the light of the legal instructions we have given you, and render a verdict on the evidence. [12]

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (11–12) above instructions, quoting them.

*M. M. McNeil,* with him *H. A. McFadden,* for appellant.— To contradict a written instrument the evidence must be clear, precise and indubitable: Honesdale Glass Co. v. Storms, 125 Pa. 268.

It is a presumption of law that all men are sane, and the burden of proof is upon the person alleging insanity: Snyder v. Laubach, 7 W. N. C. 464; Kraus v. Stein, 173 Pa. 221; Cauffman v. Long, 82 Pa. 72; Sylvius v. Kosek, 117 Pa. 67; Martin v. Berens, 67 Pa. 459.

No paper-book filed or appearance entered for appellee.

OPINION BY RICE, P. J., April 21, 1902:

This was an action of assumpsit brought on June 19, 1899, on a promissory note dated November 1, 1887, payable one year after date.   The defendant pleaded non assumpsit and the bar of the statute of limitations.   The plaintiff alleged in her statement of claim, and proved on the trial the execution of the following waiver, which was indorsed on the back of the note :

" And now, April 10, 1897, for value received, I do hereby waive claim and benefit of the statute of limitation on the within note.   Witness my hand and seal.

"Attest:                          JAMES CONDRON. [Seal]

"H. A. McFADDEN.

The plaintiff's attorney, in whose hands the note had been placed for collection, testified that after notifying the defendant, as well as his sons, and failing to obtain payment, he saw him personally and talked the matter over with him.   We

quote from his testimony: "I produced the note to Condron and he acknowledged that he had given that note; that the 'James Condron' signed to the note was his signature, and he then and there promised to pay the note; I asked him then so that there might be no discussion in the future.   Q. Did you show him the note at that time?   A. I produced the note to him and he took it in his own hands and inspected the note, and said that he gave it with W. H. Gardner, and acknowledged his signature, and that he would pay the note; in order that there might not be a misunderstanding about it in the future, in case Condron might not pay it promptly, I drew up on the back of the note the following waiver.   I drew up the waiver on the back of the note in the presence of James Condron, and I read the same to him and then I handed it to Condron and he read it himself, then took the note and placed it on the desk or secretary, which he had in the corner of the room, and affixed his signature to it in my presence."   The defendant, when testifying in his own behalf, admitted the execution of the note and of the waiver.

A debt barred by the statute of limitations is still a debt though the remedy upon it be suspended or gone.   Its force as an existing obligation, even though only moral, is such that a promise to pay is binding without other consideration : Woods v. Irwin, 141 Pa. 278.   The section of the statute applicable here may be waived by the persons for whose benefit it was enacted; and, prior to the procedure act of 1887, it was generally held, at least by the courts of this state, that it would be presumed to be waived unless it was specially pleaded : Heath v. Page, 48 Pa. 130.   "If six years elapse after the cause of action accrued, there can be no recovery, although the debt is not extinguished.   It remains due in conscience, and is a good consideration for a new promise.   It remains in some respects due in law too, for if the defendant omits to plead the act of assembly, he is considered as having waived the benefit of it, and the plaintiff may recover against him : " Jones v. Moore, 5 Binney, 573. The opinion has been expressed that where the plaintiff's statement shows on its face that the action is barred by the statute, and there are no averments to take it out of the statute, the defendant may take advantage of it by demurrer as well as by plea.   Granting this to be true (a point upon which we express

no opinion), the principle remains that the defendant's omission to set up the statute in some appropriate mode is deemed a waiver of its benefits. . So also a new promise is deemed a waiver, which will start the statute afresh from its date. Speaking of the argument that in such a case the action should be brought on the new promise, Chief Justice WOODWARD said: "However good the logic of this argument, it has long since been rejected as law in Pennsylvania. With us, the action is always brought upon the original undertaking, and when the statute is pleaded the new promise is proved, not to raise a cause of action, but to show that the legal objection to the old promise has been waived. The plea of the statute is addressed, not to the contract, but to the remedy. 'I admit the promise and contract,' is its language in effect, 'but you delayed your suit so long that you cannot maintain it after six years.' The reply is in substance, 'true, there is such a rule of law, but you waived it by renewing your promise within six years, and therefore, it cannot avail you to defeat my action.' In this manner the action is rescued from the operation of the statute. But the action on what? Obviously, and always, the action on the original undertaking:" Yaw v. Kerr, 47 Pa. 333. This doctrine basing the right to recover on a waiver has been recognized in many Pennsylvania cases. But if a waiver of the benefit of the statute is implied from an omission to plead it or from a new promise or from a clear, distinct and unequivocal acknowledgment of the particular debt, why is not an express waiver of equal validity? This question arose in Hoffman v. Fisher, 2 W. N. C. 17. There a note drawn on April 25, 1857, and payable three years after date contained the words, " I also disclaim all limitations of whatever kind." An action thereon having been brought June 12, 1872, Judge WARREN J. WOODWARD held, that the agreement to waive extended the right of action for a second period of six years only, and at the expiration of twelve years, the action was barred. "In other words, although written in 1857, it had the force which would have been given by a waiver in precisely the same words indorsed upon the note nine years after its date and six years after it became due." On writ of error the Supreme Court affirmed the judgment in these words: " We perceive no error in the interpretation placed by the court below upon the disclaimer of the limitation contained in the note in suit. As a

consequence the action was barred after a lapse of twelve years without suit." No intimation was given in that case or in Marseilles v. Kenton's Exrs., 17 Pa. 238—where, after the action was barred, the promisor indorsed on the note an agreement to extend the time of limitation until a certain date—that the court entertained the opinion that such an agreement is against public policy. True, it was said in the last mentioned case : " Even a promise not to plead the statute of limitations, made without consideration, is not sufficient to take a debt out of the statute." But that difficulty does not exist in this case, because the waiver was under seal, which, " imports a consideration and creates a legal obligation : " Candor and Henderson's Appeal, 27 Pa. 119 ; Sherk v. Endress, 3 W. & S. 255 ; Yard v. Patton, 13 Pa. 278 ; Burkholder v. Plank, 69 Pa. 225 ; Anderson v. Best, 176 Pa. 498 ; Oberly v. Oberly, 190 Pa. 341. See also Sutch's Estate (No. 1), 201 Pa. 305, 310. When one capable of contracting thus expressly waives his right to plead the bar of the statute, we can see no good reason for holding that it is not effectual for the purpose intended.

Granting, however, that something more is required, this is clear, that such waiver, if accompanied by an acknowledgment of the execution of the note therein referred to, and an express promise to pay it, is in law sufficient to toll the statute. We infer from the charge of the learned trial judge that in an ordinary case he would so have instructed the jury, but that in view of the extreme age and feeble health of the defendant he deemed it his duty in this case to submit the question to the jury. He said : " After a note is barred by the statute of limitations, a period of six years after its maturity, and the owner of the note seeks to collect it from the maker of the note, the burden is on such owner of the note to show by the weight of the evidence a clear and explicit acknowledgment of the debt, coupled with a promise or the equivalent of a promise to pay." This instruction, not only denied effect to the express waiver, but seems not to be in entire accord with the rule as declared in Palmer v. Gillespie, 95 Pa. 340, and many earlier as well as later cases, as to the effect of acknowledgments. " A clear, distinct and unequivocal acknowledgment of a debt is sufficient to take a case out of the operation of the statute. It must be an admission consistent with a promise to pay. If so,

the law will imply the promise, without its having been actually or expressly made. There must not be uncertainty as to the particular debt to which the admission applies. It must be so distinct and unambiguous as to remove hesitation in regard to the debtor's meaning." If it comes up to this standard it need not be coupled with anything else; the law will imply the promise: Yost v. Grim, 116 Pa. 527. See also, Wesner v. Stein, 97 Pa. 322; Landis v. Roth, 109 Pa. 621; Shaeffer v. Hoffman, 113 Pa. 1. It may be said that the instructions above quoted, while perhaps open to criticism as an abstract statement of the rule of law as to the effect of an acknowledgment, would not have been harmful standing alone. Possibly not. But viewed in the light of the express waiver and of the uncontradicted testimony as to the express promise to pay, we think the same cannot be said of the instructions which immediately followed. The learned judge said: " And when the alleged promisor, that is the person who is alleged to have made such an acknowledgment and such a promise to pay a claim which is barred by the statutes of limitations, is an old man feeble in health, the burden on the owner of the note becomes a more weighty one. And this principle of law which I have referred to, at the same time makes this question as to whether the plaintiff has sustained the burden of proof of the acknowledgment and the promise to pay, a question for the jury and not for the court." In the absence of definite instruction as to what more would be required of the plaintiff to sustain the burden of proof than she had shown, we cannot rid our minds of the conviction that a jury might naturally and reasonably infer from the instructions above quoted, and others to the same effect, that the question of the sufficiency of the facts alleged by the plaintiff, as well as the question of the sufficiency of the evidence to establish those facts, was for them to determine. But whether the facts alleged by the plaintiff were sufficient to toll the statute was a question of law, and if those facts were established, then, in the absence of any evidence of fraud, imposition, mistake or undue influence, the burden of proving his incapacity to contract was cast on the defendant. This was not so far to be presumed from old age and feebleness of health as to compel the plaintiff to rebut it, or to compel her to prove more than she did prove. The

law fixes no age beyond which the incapacity to contract is to be presumed.    Moreover, there was not the slightest evidence to warrant a finding of fraud or imposition, and as to undue influence we remark, that Mr. McFadden did not stand in any confidential relation which enabled him to exercise a controlling influence over the conduct of the defendant; nor was the defendant in any way dependent on the plaintiff or her attorney.    Therefore, no influence or presumption of undue influence arose, which it was incumbent on the plaintiff to repel. In such a case the legal test is the capacity of the defendant to understand the nature and effect of the transaction.    The evidence introduced under the offers to show that he had not such capacity was utterly unsufficient to sustain such finding. The nearest approach to it was the testimony that he was subject to fainting spells after which his mind would be clouded for a time, but there was no evidence that this transaction took place while he was in that condition.    He was aged and had the feebleness of health and memory incident to old age, but a finding that he was so far incapable of understanding the nature and effect of the transaction as not to be bound by his acts would not have been warranted by the testimony.    See Kraus v. Stein, 173 Pa. 221, and cases there cited.

Without further elaboration we conclude, that the plaintiff was entitled to explicit instructions, that the waiver indorsed on the note, if executed under the circumstances detailed in the testimony of her witness, was sufficient in law to remove the bar of the statute, and to cast on the defendant the burden of proving facts which in law would deprive it of that effect.

Judgment reversed and venire facias de novo awarded.