# Fidelity Title & Trust Co. of Pittsburgh et al., Executors, Appellants, *v.* Graham.

*Declaration of trust—Revocability — Consideration — Husband and wife—Insurance money.*

1. Where a wife makes a declaration of trust whereby she agrees to dispose in a designated manner of the proceeds of certain insurance policies owned by her husband and payable to her upon the death of her husband, the trust, although possibly revocable during the lifetime of the husband, becomes irrevocable upon his death.

2. The rule that a contract is voidable as to both parties when voidable as to one, cannot be invoked after that one has fully performed or become definitely liable to perform on his part.

3. Where the insured in certain insurance policies, which were payable to his wife upon his death, gave his estate in trust for the benefit of his wife for her life, and suggested in his will that, upon his death, she would pay his debts and funeral expenses from the proceeds of the insurance policies, and pay over the balance to the trustees under the will for the purposes named therein, and the wife endorsed a declaration of trust on the back of the will whereby she declared that she would turn over the proceeds of the policies to the executors and trustees under the will, to be treated by them as part of her husband's estate, such declaration became irrevocable upon the death of the husband; and in an action by the trustees against the wife to recover the insurance money judgment should have been entered in favor of the plaintiff.

4. In such case there was sufficient consideration for the declaration of trust, where the wife was to have a life interest in the entire estate, including the insurance money.

Argued June 4, 1918.  Appeal, No. 313, Jan. T., 1917, by plaintiffs, from judgment of C. P. Fayette Co., Sept.

T., 1916, No. 462, for defendant, on case stated, in case of Fidelity Title & Trust Company of Pittsburgh and Adam Jacobs Graham, Executors and Trustees under the Will of Samuel S. Graham, Deceased, v. Catherine E. Graham. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ.  Reversed.

Case stated to determine the ownership of the proceeds of life insurance policies.  Before REPPERT, J.

The opinion of the Supreme Court states the facts.

The court entered judgment for defendant on the case stated.  Plaintiffs appealed.

*Error assigned* was in entering judgment for defendant.

*William A. Jordan,* with him *W. J. Sturgis, Thomas D. Chantler, William H. McClung,* and *Park J. Alexander,* for appellants.—The declaration of trust was not revocable, and the court erred in so holding: Kraft v. Neuffer, 202 Pa. 558; Potter v. Fidelity Ins. T. & S. D. Co., 199 Pa. 360; Wilson v. Anderson, 186 Pa. 531; Rynd v. Baker, 193 Pa. 486.

*S. Ray Shelby,* of *Crow & Shelby,* with him *William E. Crow,* for appellee.—The declaration of trust was revocable: Turner v. Scott, 51 Pa. 126; Frederick's App., 52 Pa. 338; Frew v. Clarke, 80 Pa. 170; Schad's App., 88 Pa. 111; Wilson v. Van Leer, 103 Pa. 600; Rick's App., 105 Pa. 528.

OPINION BY MR. JUSTICE WALLING, July 17, 1918:

This is a case stated in an action of assumpsit to determine the ownership of a fund derived from life insurance.  On June 6, 1908, Samuel S. Graham, of Brownsville, Fayette County, executed his last will, by which he gave all his property to plaintiffs as trustees and executors, to manage and collect the income, etc., but

no property to be sold or investment changed without the written consent of his wife, Catherine E. Graham, who is given the entire income and profits of the estate for life and then the property to be divided among his children. The will also says: "I suggest that my wife pay my debts and funeral expenses out of the assurance money on my life which she will receive, and the balance of said assurance money she will place with the Trustees on the same terms and for the same purpose as I have placed my property with said Trustees." In September of the same year, Mrs. Graham executed a declaration of trust, written on the back of the will, as follows: "I, Catherine E. (or J.) Graham, wife of within named testator, Samuel S. Graham, have read the within will, and have had exhibited to me the various insurance policies on the life of said Samuel S. Graham, my husband, which policies are now made payable to me by endorsements thereon, if I survive him; Be it known that I hereby declare that I stand seized of said policies to the use of my husband, Executors and Trustees and I agree to forthwith on receipt turn over the proceeds of said policies to the said Executors and Trustees under the foregoing will, to be treated by them as part of my husband's estate, and to be held by them under the provisions of the foregoing will and to be so disposed of, principal and interest or income.

"Witness my hand and seal this Sept. 23, A. D. 1908.
"Attest:
"GEORGE D. HOWELL.
"CATHERINE E. GRAHAM. (Seal)"

Mr. Graham died in March, 1914, leaving the will as above stated. Thereafter Mrs. Graham received $26,048.96 on account of the life insurance, and therefrom paid testator's debts, amounting to $1,632, leaving in her hands a net balance of $24,416.96, to recover which this suit was brought. The court below held the declaration of trust revocable and entered judgment for the defendant, from which the trustees (plaintiffs) brought this appeal.

In our opinion, on the case stated, judgment should be entered for the plaintiffs, as it makes a prima facie case in their favor. With the exception that a married woman may not become an accommodation endorser, or convey her real estate without her husband joining, she may now contract the same as an unmarried person, even to the extent of making a deed of her land to her husband. For example, she may execute an instrument under seal making a gift of her property: Oberly v. Oberly, 190 Pa. 341. Her ability to contract with reference to this insurance money is unquestioned, so if she can retain the same it is not because of coverture. Treating it as a contract between husband and wife, it is presumptively valid; although in a contested case the relation of the parties would be a circumstance for consideration. Had Catherine E. Graham been testator's adult daughter, could she hold this insurance money as her own under like circumstances? She received the insurance money because she was named as beneficiary in the policies. Her declaration of trust was lawful and not without consideration as she has the life use not only of the insurance money but of the entire estate, and the declaration being under seal imports a consideration. It is urged that the declaration was revocable because testator could have changed the will. He might have changed his will and perhaps also the beneficiary of his insurance, but both became irrevocable by his death, and why should her agreement be less so? Even if she could have revoked it while her husband was alive and able to adjust his affairs, she cannot do so now that death has fixed the status of his estate. A revocation of his will would undoubtedly have destroyed the declaration of trust based upon it, but now the will has become irrevocable, and why not the declaration of trust? The rule that a contract is voidable as to both parties when voidable as to one, cannot be invoked after that one has fully performed or become definitely liable to perform on his part. See 13 Corpus Juris, pp. 333-4. So far as

appears, she had no vested right in his life insurance and did not sign away any property that was absolutely hers; even if she did, it was prima facie valid. True, the will and insurance remaining unchanged, she would have possessed the latter absolutely at his death but for the declaration of trust; however that was uncertain and it is not necessary for us to say whether she acted wisely under the circumstances. There is no suggestion of fraud, coercion, overreaching, undue influence, or bad faith in this record; on the contrary, the entire transaction indicates a desire on the part of Mr. Graham to make suitable provision for his wife.

The declaration of trust provides that Mrs. Graham shall turn the insurance money over to the trustees as soon as received, to become a part of her husband's estate, and it is not testamentary as she thereby makes no disposition of property to take effect after her death, except as provided in his will.

It was not an agreement by her to accept the provisions of the will in lieu of dower, hence, Kreiser's App., 69 Pa. 194, and Odenwelder's Est., 1 Pa. Superior Ct. 345, are not applicable.

We have carefully examined the numerous authorities called to our attention, by the industry of the respective counsel, on the question as to whether the declaration of trust was revocable or irrevocable; but in our opinion whatever its character when made, it became irrevocable on the death of Mr. Graham, and good faith requires that it now be given effect.

The assignment of error is sustained, the judgment is reversed and here entered in favor of the plaintiffs and against the defendant for the sum of $24,416.96, with interest from January 1, 1916, in accordance with the terms of the case stated; this judgment to be entered also in the court below and all future proceedings thereon had in said court.