## Pugh *v.* Gaines, Appellant.

Argued November 15, 1944. Before Keller, P. J., Baldrige, Rhodes, Hirt, Reno and James, JJ.

*Maximillian J. Klinger,* with him *Abraham T. Needleman,* for appellant.

*Thomas Boylan,* for appellee.

Opinion by Reno, J., March 2, 1945:

Appellant contends that she has been improperly declared trustee of a portion of the proceeds of a policy of insurance on the life of Thomas James Gaines, now in the custody of the prothonotary of the court below. The appeal is from a final decree in equity and the facts appear from the chancellor's findings which, having been affirmed en banc, have the same effect on conflicting testimony as the verdict of a jury.

Thomas James Gaines died on May 2, 1942, leaving to survive him a wife, Mary Gaines, to whom he had been legally married but from whom he had been separated a number of years and whom he had never divorced; Euralee or Urella Pugh, the plaintiff, a daughter by his marriage to Mary; and Anna Gaines, appellant, with whom deceased had been living as husband and wife for many years before he died. Decedent's life was covered by three policies of insurance in each of which the beneficiary was designated as "Anna Gaines, wife", and immediately following the death Anna engaged an undertaker and made preliminary funeral arrangements. Before the burial took place, Mary, Euralee, and Anna became engaged in a dispute over the distribution of the insurance money and with respect to who should have control over the funeral ceremonies. At the suggestion of the undertaker a contract was prepared by an attorney and signed by the parties in which it was agreed that they all should participate in the remaining arrangements for interment, that Anna should collect the proceeds of the three insurance policies and should pay the undertaker's bill therefrom and that "The said Anna Gaines further agrees to pay to Urella Pugh the sum of $773.25 plus any mortuary dividend paid out of the insurance proceeds that she collects, also to be paid immediately upon collection of said proceeds." The funeral was held without further controversy and in due course Anna collected the face amount of two of the insurance policies and paid the undertaker's charges. Thereafter friction again developed among the three women and Mary filed a claim with the Aetna Life Insurance Company on the third policy, described in the agreement, erroneously as all admit, as having been issued by the Equitable Life Insurance Company. Anna later brought suit on the policy and the insurer interpleaded the two claimants and paid the proceeds into court. After the present bill in equity was filed a judgment was entered in Anna's

favor in the interpleader proceedings, and in this suit the court below decreed Anna to be a trustee of $773.25 of the sum realized on the Aetna policy and still in the hands of the prothonotary, to whom it had been paid by the insurance company.

Was the relationship of trustee and cestui que trust created between Anna and Euralee by the signing of the agreement or did the contract, as Anna contends, result merely in the formation of the relationship of debtor and creditor between the two? A trust arises when, by a sufficient declaration of its terms, the three following elements concur: sufficient words to create it, a definite subject matter, and a certain or ascertained object. *Lawrence v. Godfrey*, 296 Pa. 474, 146 A. 107. The subject matter of the transaction, the insurance proceeds, was clearly designated in the agreement and there can be no doubt that Euralee was the ascertained object. The only question for decision is whether the language was sufficient to impose upon Anna the incidents of trusteeship.

In *Fidelity T. & Tr. Co. of Pgh. v. Graham*, 262 Pa. 273, 105 A. 295, testator's wife, who was the beneficiary of his insurance policies, signed an instrument during testator's lifetime that upon his death she would turn over the proceeds of one of the policies to his executors and trustees. Upon the wife's refusal to carry out the arrangement after the insured had died a trust in favor of testator's estate was impressed upon the fund. In *Gritz v. Gritz*, 342 Pa. 516, 21 A. 2d 713, a mother's parol agreement with her son and his wife to pay the proceeds of an insurance policy upon her son's life of which the mother was the beneficiary to the son's wife was upheld as a trust in favor of the wife. See also *Donithen v. Independent Order of Foresters*, 209 Pa. 170, 58 A. 142.

So, here, we think it was properly decreed that Anna holds $773.25 of the fund produced by the Aetna policy in trust for Euralee. Anna's promise to pay

"out of the insurance proceeds that she collects," is a declaration by her that she was to hold a pro tanto portion of the amount realized from the policy for the benefit of Euralee. The phraseology employed is inconsistent with the mere creation of a debt, for Anna does not pledge her personal credit. There is no promise by Anna to pay out of her general assets, and no general liability is created. Moreover, Anna is obliged to pay "immediately upon collection of said proceeds." She is not required to pay until she collects. But as soon as she collects she must pay; she may not use the proceeds as her own; and this is one of the indicia of the trust relation. 1 Scott, Trusts, §12.2. The sum realized from the insurance was thus set apart as a res, a designated share of which Anna was to hold for Euralee, in trust as the decree properly declared.

Decree affirmed.