ESTATE OF CHARLES M. SHEAFFER, DANIEL M. SHEAFFER AND THEODORE C. SHEAFFER, EXECUTORS, PROVIDENT TRUST COMPANY OF PHILADELPHIA, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18438. Promulgated June 13, 1949.

*Eugene Meacham, Esq.*, for the petitioner.
*John A. Newton, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge*: The Commissioner determined a deficiency in estate tax of $11,772.71. The issue for decision is whether the decedent had a power of appointment over property which the Commissioner included in the gross estate under section 811 (f). The facts have been stipulated. The amount of the deduction for attorneys' fees is to be agreed to under Rule 50.

Charles M. Sheaffer, the decedent, died on December 3, 1943. An estate tax return for his estate was filed with the collector of internal revenue for the first district of Pennsylvania.

The decedent, while residing in Delaware County, Pennsylvania, executed a trust agreement dated December 10, 1936, and transferred to that trust policies of insurance on his own life. He stated therein that it was his intention to add other property to the principal of the trust and to permit other persons to add principal to the corpus of the trust. The trustees were directed to collect the amount of the policies and to pay the net income from that property and from any other property coming into their hands to Margaret C. Sheaffer, wife of the settlor, during her life; upon her death and until 21 years after the death of the settlor, to pay the net income from the trust in certain proportions to nine named beneficiaries, and then to distribute the corpus to the nine beneficiaries in the same proportions in which they had received the income. Paragraph sixteenth of the trust agreement was as follows:

This Agreement and the trust hereby created shall be revocable by the Settlor in whole or in part at any time or times, and may be amended by the Settlor in any and all respects from time to time by writing executed by the Settlor and lodged with the Provident Trust Company of Philadelphia [the trustee].

The decedent and his wife executed wills on December 22, 1936. The will of Margaret C. Sheaffer provided that her residuary estate should be held in trust, the income paid to her husband during his life, "and upon his death I give, devise and bequeath the principal thereof to the trustees for the time being under a trust agreement between the said Charles M. Sheaffer and Provident Trust Company of Philadelphia, dated December 10, 1936 as an addition to the principal of the trust under the said agreement and subject to all the terms and provisions thereof as if originally a part of such agreement."

The decedent, by his will, left his residuary estate to the December 10, 1936, trust.

Margaret C. Sheaffer died on March 23, 1937.

The decedent amended the December 10, 1936, trust on January 24, 1942, by eliminating his deceased wife as income beneficiary and providing that the corpus of the trust should be distributed to the nine beneficiaries 10 years after his death.

The trustees under the will of Margaret C. Sheaffer petitioned the Orphans' Court of Delaware County on May 1, 1944, for a distribution of the residuary estate, calling attention to the will of Margaret C. Sheaffer, to the trust created by Charles M. Sheaffer on December 10, 1936, together with the amendment thereto made on January 24, 1942, and to the death of Charles M. Sheaffer. The petition asked that the principal be awarded to the trustees under the December 10, 1936, trust and the January 24, 1942, amendment thereto. The court directed that the residuary estate of Margaret C. Sheaffer be turned over to the trustees under the trust for Charles M. Sheaffer dated December 10, 1936, and the amendment thereto dated January 24, 1942, "for the further administration thereof in accordance with the terms of said Deed of Trust and Amendment thereto."

The parties do not indicate any disagreement in regard to the applicable law. The Commissioner argues that the decedent had a general power of appointment and actually exercised the power. He says that the decedent, from the date of Margaret's death until his own death, had the power to alter or revoke the December 10, 1936, trust, including as a part of the corpus of that trust the property which would come into it at his death from the residuary estate of Margaret; he could revoke the trust or alter it in such a way that the residuary estate of Margaret would come into his own estate or go to any person whom he might designate, and this power was, for all practical purposes, a general power of appointment over the residuary estate of Margaret. He concedes that there was no provision in the will of Margaret mentioning any power of appointment in the decedent, except by this indirect method.

The petitioner seems to concede that the determination of the Commissioner would be correct if the decedent had the powers under the laws of Pennsylvania which the Commissioner would attribute to him, but it argues that, under the laws of Pennsylvania, Margaret's residuary estate would have to be administered in accordance with the provisions of the December 10, 1936, trust as they existed at the time of her death and the decedent had no power over that part of the trust; that is, he could not change the beneficiaries or alter in any way their enjoyment of the property, as by revoking the trust and letting that property fall into his estate or providing that it should

go to those beneficiaries or to others in any way different from that originally provided. The petitioner concedes that the decedent had the power to alter or revoke the trust in so far as any property contributed by him was concerned, but argues that his powers ended there and did not extend to the property which later came to the trust under Margaret's will. The petitioner says that the question of whether or not the decedent had any power over Margaret's residuary estate by reason of his power to alter or revoke the December 10, 1936, trust is a question which must be decided under Pennsylvania law. It does not cite any decided case which is directly in point or even closely analogous, but urges this Court to decide this point in the way in which it believes the highest court of Pennsylvania would decide it were it called upon to make the decision.

The petitioner cites cases holding that a testator may not alter his will directly or indirectly by an instrument drawn subsequent to the date of his last will if that instrument is not executed in accordance with the statute of wills. Those cases have nothing to do with the creation of a power of appointment which involves a post testamentary disposition of the property of the decedent by another person. The petitioner concedes that a power of appointment can be created in Pennsylvania, but contends that none has been created here.

It argues that "there is no indication of any intent of Margaret Sheaffer to create a power of appointment in decedent or his estate." Margaret left her residuary estate, after the death of the decedent, to become a part of the corpus of the trust created by the decedent on December 10, 1936. She did not adopt the terms of that trust for her own by reference, but expressly provided that her residuary estate should be a part of the corpus of the trust as if originally a part of the trust. While the terms of that trust had not been changed in any way up to the time of her death, and while she knew at her death what the terms of that trust were, she also knew that the trust permitted the decedent to alter or revoke it. This would be some indication that she intended to give her husband the very powers which the Commissioner contends he had. The Commissioner does not cite any Pennsylvania authorities in support of his contention except the order of the Orphans' Court in the uncontested proceeding described in the stipulation of facts in which the court directed that the principal in the hands of the trustees under the will of Margaret be turned over to the trustees under the December 10, 1936, trust and the amendment thereto dated January 24, 1942, for further administration in accordance with the terms of the trust and the amendment thereto. He argues that the Pennsylvania law for the purpose of this case is shown by that order of the court which mentioned the amendment and directed that the corpus be administered in accordance with the

trust and the amendment, thus recognizing that the power of the husband to revoke or amend the December 10, 1936, trust extended to the property coming into that trust from the residuary estate of Margaret. The petitioner answers that the order of the court relied upon by the respondent is not determinative, since it was rendered *pro forma* in an uncontested proceeding and the highest court of Pennsylvania would decide the point the other way.

No case in which the Supreme Court of Pennsylvania has considered a question like this has come to our attention. The case of *Fidelity Title & Trust Co.* v. *Graham*, 262 Pa. 273, cited by the petitioner, involves facts which distinguish it from the present case. There the husband had provided in his will for the payment of the income of a testamentary trust to his wife for life, but had suggested in the will that his wife pay his debts out of the proceeds of his life insurance over which she was the beneficiary and place the balance of those funds in the testamentary trust. The wife executed a declaration of trust on the back of the decedent's will prior to his death which, in effect, carried out his suggestions as contained in his will. The court held that there was consideration for the wife's trust and it became irrevocable upon the death of the husband if, indeed, it had ever been revocable. The facts in that case are not comparable to those here, where the wife transferred property by her will to an existing trust which her husband had the right to amend or revoke.

The determination of the Commissioner is presumed to be correct until the contrary appears. The provisions of Margaret's will indicate that she intended to place her residuary estate in the December 10, 1936, trust with the right in her husband during his life to alter or revoke that trust. The husband actually changed the terms of the trust, and the Orphans' Court, realizing that the husband had amended the trust, nevertheless distributed Margaret's residuary estate to the trustees of that trust to be administered in accordance with the terms of the trust as amended. These circumstances support the Commissioner's contention. No Pennsylvania case to the contrary has been discovered. On the other hand, the Pennsylvania courts recognize that a power of appointment may be created by implication. *In re McKallip's Estate*, 324 Pa. 438. The determination of the Commissioner will not be disturbed under such circumstances, because it appears that the decedent had in effect a general power of appointment over the property in question, which power he actually exercised, and, therefore, whether section 811(f) before or after the 1942 amendment applies, nevertheless, the value of the property must be included in the gross estate.

*Decision will be entered under Rule 50.*