(18 App. Div. 379.)

GROTHER v. TRUSTEES OF NEW YORK AND BROOKLYN BRIDGE.

(Supreme Court, Appellate Division, Second Department. June 29, 1897.)

PLEADING—AMENDMENT OF ANSWER.
> Leave to amend an answer is properly denied when the amendment sought to be made is the insertion of a denial of the giving of a notice, required to be given by plaintiff within a limited time after the cause of action arose, and the effect of allowing the amendment would be to deprive plaintiff of his remedy, while, if the denial had been contained in the original answer, he might have supplied the omission in time.

Appeal from special term, Kings county.

Action by John Grother, administrator of William Grother, deceased, against the trustees of the New York and Brooklyn Bridge. From an order denying a motion to amend the answer, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

James C. Bergen, for appellant.
Holm & Smith, for respondent.

BRADLEY, J. This action was commenced on July 28, 1896, to recover damages alleged to have been sustained by the next of kin of the plaintiff's intestate by the negligence of the defendant in causing his death. The complaint contained the allegation:

"Sixth. That more than thirty days before the commencement of this action, and within six months after this cause of action accrued, the plaintiff caused to be served upon the trustees or officers aforesaid a notice of this claim therein, stating the facts as specified herein, and complying in all its parts with the Laws of 1886 (chapter 572), and that, in pursuance and in consequence of said claim, the plaintiff's intestate was duly examined."

This paragraph of the complaint was neither denied nor admitted by the terms of the answer. When the action came on to trial, the defendant's counsel moved for dismissal of the complaint, on the ground that the notice served upon the trustees did not comply with the requirement of the statute. In denying the motion, the court held that the question was not available to the defendant, because such allegation of the complaint was not put in issue by the answer. The motion was therefore made for leave to amend the answer in that respect, was denied, the trial of the action proceeded, and was concluded by the failure of the jury to agree upon a verdict. The motion afterwards made at special term for leave to so amend the answer resulted in the order from which this appeal is taken.

It is likely that the statute to which the draftsman of the complaint intended to refer was not that there mentioned, but was another, found in Laws 1891, c. 128, § 8. If the essential facts of the applicable statute are sufficiently alleged, the incorrect reference may not be deemed fatal to the allegation. No consideration, on this review, is given to the question whether that was done, or to the question whether or not the controversion, by answer, of the allegation of the complaint on the subject, was necessary to enable the defendant to raise the objection of noncompliance with the statute requiring certain steps to be taken preliminarily to the commencement of the action. While, as a general rule, the power of the court to grant amendments to pleadings should be liberally exercised, regard properly may and should be had to the condition prejudicial which may result from the allowance of them. Assuming that the amendment sought is essential to the defense, and would render it effectual, the allowance of the amendment would have the effect to deny to the plaintiff all remedy for the alleged cause of action. This would not necessarily have been the effect of such amendatory allegations if they had been in the original answer, because six months from the time the alleged cause of action accrued had not elapsed when the answer was served. The statute provides that the claim shall be presented at least 30 days before the commencement of the action, and within 6 months after the cause of action accrued. Laws 1891, c. 126, § 8. The death of plaintiff's intestate occurred on March 22, 1896; the action was commenced July 28th; and defendant's answer was verified August 14, 1896. If, therefore, the plaintiff had been advised at the time when the answer was due and served that it was necessary to do anything further than had been done preliminarily to the commencement of the action, he then would have had the opportunity to discontinue the action, and accomplish it within the time prescribed by the statute. It was too late to do it when this motion was made for leave to amend. He should not be thus prejudiced by the laches of the defendant. Gilchrist v. Gilchrist's Ex'rs, 44 How. Prac. 317.

The order should therefore be affirmed. All concur.