## COLELL v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, Second Department. March 6, 1903.)

1. NEGLIGENT DEATH—STATUTORY RIGHT OF ACTION—LIMITATIONS—AMENDMENT.

Where a statute giving a husband a right of recovery for the negligent killing of his wife provided that the action must be commenced within one year, the right of action itself, and not merely the remedy, is taken away by the expiration of more than one year between the accrual of the cause of action and the commencement of the action, and the defense of limitation need not be raised by answer, but a complaint showing that more than one year has elapsed is demurrable, so that the granting of leave to amend the answer so as to set up limitations does not injure plaintiff.

Appeal from Special Term, Kings county.

Action by Edward H. Colell, as administrator of the estate of Cecile Colell, deceased, against the Delaware, Lackawanna & Western Railroad Company. From an order granting defendant leave to amend its answer, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Edward J. McCrossin, for appellant.
Hammond Odell, for respondent.

WOODWARD, J. The plaintiff brought this action to recover damages for the alleged negligent killing of his wife by the defendant. The accident occurred in the state of New Jersey; on July 30, 1898, resulting in the death of plaintiff's intestate on August 2d following. The action is based on the provisions of a New Jersey statute similar in its scope and effect to the provisions of section 1902 of the Code of Civil Procedure. It is provided in this statute that the action must be commenced within one year from the date of the accident. The action was, in fact, commenced on July 18, 1900—nearly two years after the accident happened; but the answer of the defendant did not set up the defense of a limitation under the statute, and the case went to trial in June of last year, resulting in a disagreement of the jury. The defendant now moves for permission to amend its answer, setting up the limitation; and this motion has been granted, appeal coming to this court.

The rule is well settled that, where a statute gives a right unknown to the common law, and limits the time within which an action shall be brought to assert it, the statutory limitation measures the extent and qualifies the nature of the right conferred, and will be respected and enforced by the courts of any state wherein the plaintiff may sue. Dailey v. N. Y., Ontario & Western Ry Co., 26 Misc. Rep. 539, 540, 57 N. Y. Supp. 485, and authorities there cited; The Harrisburg, 119 U. S. 199, 214, 7 Sup. Ct. 140, 30 L. Ed. 358; Hill v. Supervisors, 119 N. Y. 344, 23 N. E. 921; Hamilton v. Royal Insurance Co., 136 N. Y. 327, 338, 50 N. E. 863, 42 L. R. A. 485. It will hardly be questioned that a right of action for injuries resulting in death does not survive at common law (The Harrisburg, 119 U. S. 205, 7 Sup. Ct. 140, 30 L. Ed. 358), and the only right of the plaintiff in the case now before us is that given by the statute of New Jersey, which provides that an action may be maintained by the personal representative of the deceased if it is commenced within one year. After that time the plaintiff has no right whatever to a remedy, and, as the complaint shows upon its face that the action was not commenced until after more than one year had elapsed from the time of the accident, and the objection may be raised at any time that the complaint does not state facts sufficient to constitute a cause of action (section 499, Code Civ. Proc.), the plaintiff could not be benefited by a reversal of the order appealed from. This is not a case where the plaintiff has an unlimited right of action, subject only to the statute of limitations, in which case it must be pleaded, but the entire status of the plaintiff depends upon the provisions of the New Jersey statute, the limitation upon the right being as much a part of the law as the right of action itself, and after the expiration of one year from the date of the accident the plaintiff has no greater legal rights than he would have if there were no such statute in evidence. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition of the right to sue at all. The Harrisburg, 119 U. S. 214, 7 Sup. Ct. 140, 30 L. Ed. 358; Kiefer v. Grand Trunk R. Co., 12 App. Div. 28, 33, 42 N. Y. Supp. 171, and authorities there cited, affirmed 153 N. Y. 688, 48 N. E. 1105. In Grother v. New York & Brooklyn Bridge, 18 App. Div.

379, 46 N. Y. Supp. 411, the amendment was asked for after the lapse of time in which the plaintiff might have amended his complaint to meet the requirements of a statutory condition precedent, and it was very properly refused. But in the matter now before us the plaintiff's right of action had lapsed before the complaint was served; and, while the amendment does not appear to be necessary for the protection of the defendant, the plaintiff can suffer no legal wrong by such amendment, and, the Special Term having exercised its discretion in the premises, it should not be disturbed. The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.