EDWARD H. COLELL, as Administrator, etc., of CECILE COLELL, Deceased, Appellant, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Respondent.

*Statutory right of action, unknown to the common law — the statutory limitations operate upon the liability and not on the remedy only — a limitation of time in which such an action may be brought need not be pleaded.*

Where a statute gives a right unknown to the common law and limits the time within which an action shall be brought to assert such right, the statutory limitation measures the extent and qualifies the nature of the right conferred, and will be respected and enforced by the courts of any State wherein the plaintiff

may sue; such limitation operates as a limitation of the liability created, and not of the remedy alone.

Where the complaint in an action brought in the State of New York, under a statute of the State of New Jersey, to recover damages for the negligent killing of the plaintiff's intestate, discloses the fact that the action was not brought within the time prescribed by the New Jersey statute, and the answer does not set up the Statute of Limitations as a defense, the court will not reverse an order, made after the case has been brought to trial and the jury have disagreed, permitting the defendant to amend its answer by setting up the Statute of Limitations.

*Semble,* that the order allowing the amendment was unnecessary, as the objection that the complaint did not state facts sufficient to constitute a cause of action might be raised by the defendant at any time.

APPEAL by the plaintiff, Edward H. Colell, as administrator, etc., of Cecile Colell, deceased, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 17th day of December, 1902, granting the defendant's motion for leave to serve an amended answer herein.

*Edward J. McCrossin,* for the appellant.

*Hammond Odell* and *Hamilton Odell,* for the respondent.

WOODWARD, J.:

The plaintiff brought this action to recover damages for the alleged negligent killing of his wife by the defendant. The accident occurred in the State of New Jersey on July 30, 1898, resulting in the death of plaintiff's intestate on August second following. The action is based on the provisions of a New Jersey statute (Laws of N. J. 1848, p. 151, as amd. by Laws of 1897, chap. 58) similar in its scope and effect to the provisions of section 1902 of our Code of Civil Procedure. It is provided in this statute that the action must be commenced within one year from the death of the decedent. The action was, in fact, commenced on July 18, 1900, nearly two years after the death happened, but the answer of the defendant did not set up the defense of a limitation under the statute, and the case went to trial in June of last year, resulting in a disagreement of the jury. The defendant now moves for permission to amend its answer, setting up the limitation, and this motion has been granted, appeal coming to this court.

The rule is well settled that where a statute gives a right unknown to the common law, and limits the time within which an action shall be brought to assert it, the statutory limitation measures the extent and qualifies the nature of the right conferred, and will be respected and enforced by the courts of any State wherein the plaintiff may sue. (*Daily* v. *N. Y., Ontario & Western Ry. Co.*, 26 Misc. Rep. 539, 540, and authorities there cited; *The Harrisburg*, 119 U. S. 199, 214; *Hill* v. *Supervisors*, 119 N. Y. 344; *Hamilton* v. *Royal Insurance Co.*, 156 id. 327, 338.) It will hardly be questioned that a right of action for injuries resulting in death does not survive at common law (*The Harrisburg, supra*, 205), and the only right of the plaintiff in the case now before us is that given by the statute of New Jersey, which provides that an action may be maintained by the personal representative of the deceased if it is commenced within one year. After that time the plaintiff has no right whatever to a remedy, and as the complaint shows upon its face that the action was not commenced until after more than one year had elapsed from the time of the accident, and the objection may be raised at any time that the complaint does not state facts sufficient to constitute a cause of action (Code Civ. Proc. § 499), the plaintiff could not be benefited by a reversal of the order appealed from. This is not a case where the plaintiff has an unlimited right of action, subject only to the Statute of Limitations, in which case it must be pleaded, but the entire status of the plaintiff depends upon the provisions of the New Jersey statute, the limitation upon the right being as much a part of the law as the right of action itself, and after the expiration of one year from the death of the decedent the plaintiff has no greater legal rights than he would have if there were no such statute in existence. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition of the right to sue at all. (*The Harrisburg, supra*, 214; *Kiefer* v. *Grand Trunk R. Co.*, 12 App. Div. 28, 33, and authorities there cited; affd., 153 N. Y. 688.) In *Grother* v. *New York & Brooklyn Bridge* (18 App. Div. 379) the amendment was asked for after the lapse of time in which the plaintiff might have amended his complaint to meet the requirements of a statutory condition precedent, and it was very properly refused. But in the matter now before us the plaintiff's right of

action had lapsed before the complaint was served, and while the amendment does not appear to be necessary for the protection of the defendant, the plaintiff can suffer no legal wrong by such amendment, and the Special Term having exercised its discretion in the premises, it should not be disturbed.

The order appealed from should be affirmed, with costs.

GOODRICH, P. J., HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.