WHEELER, J. The plaintiff sued the defendant upon a certain promissory note made and executed by it to secure the payment of $500. The defendant answered. In its answer the defendant denies none of the allegations of the complaint, but sets up by way of counterclaim a cause of action growing out of an alleged breach of contract by the plaintiff to deliver at a specified point a certain quantity of cooperage stock. The answer was served within time, but was not accompanied by an order directing the issues to be tried, as provided by section 1778 of the Code of Civil Procedure. Therefore the plaintiff's attorney entered judgment against the defendant "as in case of default." Motion is now made to set aside the judgment so entered.

We think the motion should be granted, for the reason that no order directing the issues to be tried was necessary in this case. No issue has in fact been made by the answer in this case. The making and liability on the note is admitted, but by way of offset the defendant sets up an alleged counterclaim. No proper issue can be said to be joined until the plaintiff replies to the counterclaim. It was the manifest purpose and intent of the section in question that, when an answer is interposed to a note made by a corporation in which the note itself is involved and defended, a judge shall look into the issues tendered sufficiently to determine whether the issue has sufficient merit to entitle it to be tried. No such question is presented in this case.

We therefore are of the opinion that the judgment was improperly entered, and must be vacated. So ordered, without costs.

---

(62 Misc. Rep. 380.)

WATERTOWN NAT. BANK OF WATERTOWN v. BAGLEY et al.

(Supreme Court, Special Term, Onondaga County. February, 1909.)

1. LIMITATION OF ACTIONS (§ 15*)—WAIVER OF LIMITATION.

An agreement by directors of a corporation, who had failed to file an annual report, rendering them liable for corporate debts, that, in consideration of a creditor holding its claim against them until the receivership of the corporation should be closed without taking any action thereon, they would waive any defense by way of the statute of limitations or on account of the failure to serve a written notice on the directors of intention to hold them liable, such waiver being "intended to prevent defenses which are now ripening from lapse of time from being established," bound the directors after the creditor, relying upon it, had actually delayed bringing its action against the directors until termination of the receivership, even if originally it could not have been enforced for lack of mutuality or consideration.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 62–65; Dec. Dig. § 15.*]

2. LIMITATION OF ACTIONS (§ 15*) — AGREEMENT TO WAIVE LIMITATION — INSTRUCTIONS.

Even if a general agreement to waive the statute of limitations is enforceable, it cannot be considered as an agreement to waive it forever, and, at most, it sets the statute running from its date, or from the date when the action is to be brought.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 62–65; Dec. Dig. § 15.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

3. CORPORATIONS (§ 353*)—LIABILITY OF DIRECTORS—STATUTORY PROVISIONS—REPEAL.

Laws 1901, p. 961, c. 354, repealing the liability of directors for corporate debts because of a failure to file an annual report, but saving the right of a creditor against a director, providing an action be commenced within six months after the taking effect of the act, is not a statute of limitations, but rather declares a condition precedent to the right to bring an action, which may be waived.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 353.*]

4. CORPORATIONS (§ 353*)—LIABILITY OF DIRECTORS—TIME TO SUE—WAIVER.

As Laws 1901, p. 961, c. 354, repealing the liability of directors for corporate debts for failure to file an annual report, but saving the right of a creditor, providing an action be commenced within six months after the taking effect of the act, imposes a condition precedent to the right to sue, and is not a statute of limitations, an agreement to waive such condition is not merely a temporary waiver, but converts the conditional right of the creditor to sue into an absolute right.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 353.*]

Action by the Watertown National Bank of Watertown against George A. Bagley and another. Judgment for plaintiff.

Purcell & Purcell, for plaintiff.
Kellogg & Reeves, for defendant Bagley.

ANDREWS, J. In the years 1899 and 1900 the defendants were two of the directors of the E. S. Stiles Press Company, a stock corporation organized by and existing under the laws of this state. The statute then in force with regard to such corporations provided that they should annually, during the month of January, make a report of their condition, and that, when such a report was not made, the directors of the corporation should be jointly and severally liable for all of its debts then existing and for all contracted before the report was made, if, within three years of the occurrence of the default, a creditor served upon such directors written notice of his intention to hold them personally liable for the claim. Notwithstanding this statute, the Press Company made no such report, either in January, 1899, or thereafter. In November, 1898, and in January, 1899, the Press Company became indebted to the plaintiff on two notes, upon which there are now due, after deducting certain payments made thereon, the sums of $2,872.32 and $1,713.54, respectively. On January 2, 1900, in proceedings brought for its voluntary dissolution, the Press Company passed into the hands of a receiver.

By chapter 354, p. 961, of the Laws of 1901, which was approved by the Governor April 16th of that year, the provisions making the directors liable where the company filed no report were repealed. But the statute contained this clause:

"This act shall take effect immediately but shall not affect * * * any right of any creditor of any corporation * * * against any director under the existing law, providing action thereon be commenced within six months after this takes effect."

Such being the condition of affairs, on July 23, 1901, the plaintiff procured from defendants an agreement that, in consideration of its

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

holding its claim against them until the receivership should be closed, without taking any action thereon, they waived any defense by way of the statute of limitations, or on account of the failure to serve a written notice upon the directors of intention to hold them liable; such waiver being "intended to prevent defenses which are now ripening from lapse of time from becoming established." Meanwhile the receiver of the Stiles Press Company had duly qualified under the order appointing him and had entered upon the discharge of the duties of his trust. Such trust was finally ended, the receivership proceedings were fully closed, and the receiver and his bondsmen were duly discharged by an order of the court made on the 23d day of March, 1907. On September 14, 1908, this action was begun to enforce the liability of the defendants as directors of the press company. No answer was interposed upon the part of Mr. Knowlton; but on the part of Mr. Bagley it is alleged that the plaintiff cannot recover for the reason that the action was not begun within six months of the discharge of the receiver.

The written agreement of the defendants, even assuming that originally it could not have been enforced for lack of mutuality or of consideration, bound them, so far as these grounds were concerned, after the plaintiff, relying upon it, had actually delayed bringing its action against the directors until the termination of the receivership. Willetts v. Sun Mutual Ins. Co., 45 N. Y. 45, 6 Am. Rep. 31; Marie v. Garrison, 83 N. Y. 14; Todd v. Weber, 95 N. Y. 181, 47 Am. Rep. 20; Miller v. McKenzie, 95 N. Y. 575, 47 Am. Rep. 85; 9 Cyc. 333, and cases cited; Id. 335, and cases cited; Id. 343, and cases cited. It is also evident that in making this contract the parties had in mind not only the three years' limitation prescribed in actions for penalties, but the provision requiring suits against directors to be begun within six months of April 16, 1901. No one could then know how long the receivership proceedings would last. They certainly would not be completed by October. Indeed, the defendant does not deny that such is the proper construction.

Precisely what is the legal effect in this state of such a contract, with regard to the statute of limitations is not clear. It is invalid, if not in writing. Even if in writing, it does not operate as an estoppel. It does, however, probably operate at least as an acknowledgment of the debt, or as a new promise, so as to prevent the running of the statute until its date. Shapley v. Abbott, 42 N. Y. 443, 1 Am. Rep. 548. But whether valid at all as a contract to waive the statute is doubtful. Judge Earl, in Shapley v. Abbott, seems to be of the opinion that to enforce such a contract would be against public policy; that the spirit and purpose of the statute are such that the debtor should not be permitted to deprive himself of such a defense. "A party may undoubtedly, without trenching upon public policy, waive the defense of usury, or of the statute of frauds, or of the statute of limitations by omitting to set up the defense when sued. * * * But no case has occurred to me in which a party can, in advance, make a valid promise that a statute founded in public policy shall be inoperative."

Even if such a general agreement to waive the statute is enforceable,

however, it cannot be construed as an agreement to waive it forever. At most it sets ·the statute running from its date, or from the date, if such be specified, when the action is to be brought—in this case from the termination of the receivership. Wells Fargo Co. v. Enright, 127 Cal. 669, 60 Pac. 439, 49 L. R. A. 647; Randon v. Toby, 11 How. 493, 519, 13 L. Ed. 784. If, therefore, the clause in the act of 1901 is a statute of limitations, whatever rule the courts in this state may adopt with regard to such agreements, at least this action was begun too late. Whatever it may be called, however, in popular language or by the parties themselves in their agreement, it is not such a statute. It is ·rather a condition precedent which the Legislature has imposed on the . right to bring the action.

The liability of directors for failure to file a report was statutory only, and was in the nature of a penalty. This penalty· was abolished, not in all cases, as might have been done, but in all cases except where an action was begun in six months. The whole statute, with its amendments, taken together, was a penal one, and must be strictly construed ·in favor of directors. Such a construction requires that the saving clause be considered a condition, and not a limitation—a constituent part of the cause of action, not a defense. That it is introduced by the word "provided" is no answer to this contention. It does not follow that the succeeding words constitute a proviso within the strict sense of the term. In a proper case that word may be equally used to create a condition. . Forscht v. Green, 53 Pa. 138; Railroad v. United States, 139 U. S. 560, 11 Sup. Ct. 638, 35 L. Ed. 266; Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792; Rowell v. Janvrin, 151 N. Y. .60, 45 N. E. .398; Thrall v. Village of Cuba, 88 App. Div. 410, 84 N. Y. Supp. 661.

Further, the principal purpose of statutes of limitations is to limit the time of the bringing of actions upon liabilities created by the acts or contracts of the parties and so to protect against state claims. Obviously here the Legislature had an entirely different intent. If, therefore, the clause in question is made a condition precedent to the action, I know of no reason of public policy which prohibits a contract that it should be waived.. Such an agreement is no more invalid than one by an indorser that he will waive the demand for payment of a note; or, to take a case more nearly in point, would there to-day be anything objectionable in a promise made upon adequate consideration by the director of a corporation with a creditor thereof that he would be responsible for the latter's claim? Yet that is exactly what has been done. The defendants were personally liable for this debt at the time the agreement was made. They contract to remain liable, notwithstanding the statute of 1901, which would, under a certain contingency, have relieved them.

Nor, this provision being a condition precedent, and the contract to waive it being valid, is the agreement to be construed, as it must nec· essarily be construed with regard to the three-year statute ·of limitations, as constituting merely a temporary waiver, that would allow the term of six months to be counted from the termination of the receivership. The general rule is that, when a condition precedent is once

waived, it is gone forever; and this rule simply expresses what must have been the meaning of the parties at the time the agreement was made. It was clearly intended to convert the conditional right of the creditor to sue on the performance of the condition into an absolute liability, which could be enforced after the termination of the receivership, irrespective of the six months' limitation. Otherwise they accomplished nothing. After October 16, 1901, the condition precedent could never by any possibility be performed.

It is true that the identical language used with reference to the three-year statute of limitations and to the saving clause is here interpreted as having different meanings. Whatever the parties may have intended, the courts have said that, in view of public policy, such an agreement, if valid at all as a contract, shall with regard to the former be held to import a certain thing. But such a result is not inconsistent with giving the ordinary meaning to the same terms, when such considerations do not apply.

In my opinion, therefore, the objection of the defendant Bagley is not well taken, and the plaintiff is entitled to the relief demanded in the complaint, with costs.

Judgment accordingly.