The authorities cited by appellants' counsel in respect to bringing a creditors' action cannot be authority for their contention in this case, because section 1871 of the Code of Civil Procedure provides:

"Where an execution against the property of a judgment debtor issued out of a court of record, as prescribed in the next section, has been returned wholly or partly unsatisfied, the judgment debtor may maintain an action," etc.

The construction of the statute contended for by appellants would make it unavailable to all laborers whose claims for wages amounted to less than $25, because section 3017 provides:

"Thenceforth [that is, after the Justice's Court judgment is docketed] the judgment is deemed a judgment of the County Court of that county and must be enforced accordingly, except that an execution can be issued thereupon only by the county clerk, as prescribed in section 3043 of this act, and that judgment is not a lien upon and cannot be enforced against real property, unless it is for $25 or more, exclusive of costs."

Section 3043 provides that where the judgment is for a sum less than $25, exclusive of costs, the direction to satisfy the judgment out of the real property of the judgment debtor must be omitted. So that, where the judgment recovered before the justice is less than $25, the execution issued by the justice would accomplish everything that could be accomplished by docketing the judgment in the clerk's office and procuring an execution to be issued by the county clerk. Such judgment would not become a lien against the real property of the defendant, and the execution issued by the county clerk could not require the sheriff to satisfy the judgment out of any real property belonging to the defendant. I conclude that obtaining the judgment in Justice's Court, the issuance of an execution by such justice, and its return unsatisfied, was a compliance with the requirements of the statute.

The appellants also raise the question that the justice did not acquire jurisdiction of the defendant, or that the evidence was insufficient to establish that Wilkes was managing agent of the defendant company. I think the evidence was sufficient to make that issue one of fact, and that they are concluded by the findings of the court in that regard.

The same may be said of proof of the services rendered the Empire State Engineering Company by the plaintiff. I think that was clearly a question of fact, and that the decision of the trial justice upon that issue ought not to be disturbed.

The other questions it does not seem to me require discussion. In my opinion the judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.

---

WATERTOWN NAT. BANK v. BAGLEY et al.

(Supreme Court, Appellate Division, Fourth Department.    November 17, 1909.)

1. LIMITATION OF ACTIONS (§ 15*)—AGREEMENT WAIVING LIMITATIONS—CONSTRUCTION.

Defendants were directors of a corporation, and when a receiver was appointed for it were, under Stock Corporation Law (Laws 1890, p. 1072, c. 564) § 30, personally liable for the payment of the corporate debts be-

cause of failure to make the required annual report. Laws 1901, p. 966, c. 354, § 1, effective April 16, 1901, amending Stock Corporation Law, § 30, substituted a fixed penalty for that provided by Stock Corporation Law, § 30, and section 5, p. 974, provided that the act should not affect the right of any creditor against any director under existing law, if action thereon was commenced within six months after it took effect. Plaintiff, who held overdue notes of the corporation, and had a right of action against defendants on their statutory liability, which was then still available for three months under section 5, made an agreement with them that, in consideration of plaintiff not suing on its claim against the directors until the receivership was closed, they thereby waived the defense of such limitation, and expressly waived the statutes of limitations as to defendants' claim against them as directors, which waiver was intended to prevent defenses ripening by lapse of time from becoming established. Plaintiff did not enforce its claim against the directors pending the receivership, which was closed about six years thereafter, and received a dividend on its debt from the receiver, and more than a year after the receivership was closed, sued defendants upon their statutory liability for the balance of its debt. *Held*, that the agreement waived the so-called statute of limitations unqualifiedly, and, if valid, suspended its operation for all time as to plaintiff's cause of action, and not merely pending the receivership.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 62–65; Dec. Dig. § 15.*]

2. CONTRACTS (§ 129*)—WAIVER OF STATUTE—VALIDITY OF AGREEMENT.

The agreement, being upon an adequate consideration and being for defendants' benefit, was not invalid on the ground that the unqualified waiver of the limitations was void as against public policy, whether the saving clause of section 5 be considered a statute of limitations or a condition precedent to bringing the action.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 616–632; Dec. Dig. § 129.*]

3. EXEMPTIONS (§ 89*)—WAIVER—POWER TO WAIVE.

The object of the exemption statute being to preserve to indigent families household articles necessary to subsistence, a waiver of the exemption as to any part of the exempted property would be invalid as against public policy.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 112; Dec. Dig. § 89.*]

4. LIMITATION OF ACTIONS (§ 14*)—MODIFICATION—AGREEMENT OF PARTIES.

The parties may, by a reasonable contract founded upon a good consideration, extend or shorten the time within which an action may be brought.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 59–61; Dec. Dig. § 14.*]

5. LIMITATION OF ACTIONS (§ 1*)—STATUTES OF LIMITATION—CONDITIONS PRECEDENT.

Laws 1901, p. 966, c. 354, § 1, effective April 16, 1901, amending Stock Corporation Law, § 30, by substituting a fixed penalty for the failure of corporate directors to make report in place of that provided by Stock Corporation Law, § 30, and section 5, p. 974, saved any right of creditors against directors under the existing law, provided action thereon be commenced within six months after the act took effect. *Held*, that the six months' time for the commencement of the action was a condition precedent to its maintenance, and not a statute of limitation.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 1.*]

6. LIMITATION OF ACTIONS (§§ 177, 195*)—PLEADING—EVIDENCE.

If a clause in a statute, saving a cause of action accrued under a repealed statute and requiring it to be brought within a certain time, is a condition precedent to bringing the action, compliance therewith must be alleged and proved by plaintiff.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 663; Dec. Dig. §§ 177, 195.*]

7. LIMITATION OF ACTIONS (§§ 182, 195*)—PLEADING STATUTE—PLEADING BY DEFENDANT—PROOF—NECESSITY.

If a clause in a statute, saving a cause of action accrued under a repealed statute and requiring it to be brought within a certain time, is a statute of limitations, it must be alleged and proved by defendant.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 678, 713; Dec. Dig. §§ 182, 195.*]

Appeal from Special Term, Jefferson County.

Action by the Watertown National Bank, of Watertown, N. Y., against George A. Bagley, impleaded with others. From a judgment for plaintiff at Special Term (62 Misc. Rep. 380, 116 N. Y. Supp. 772), defendant Bagley appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Kellogg & Reeves, for appellant.

Henry Purcell, for respondent.

SPRING, J. The E. S. Stiles Press Company was a domestic stock corporation located and doing business in the city of Watertown until its voluntary dissolution and the appointment of a receiver upon the petition of its directors in January, 1900. The defendants Bagley, Knowlton, and one Fish were three of its directors, and Knowlton was an officer of the plaintiff, which held two promissory notes, aggregating about $4,000, against said corporation. The directors of the corporation had neglected to file the annual report for the month of January, 1899, required by section 30 of the stock corporation law and were, therefore, personally liable for the payment of all the existing debts of the corporation. Section 30 of the stock corporation law (Laws 1890, p. 1072, c. 564).

By chapter 354 of the Laws of 1901 a fixed penalty liability was substituted for the failure to make and file the report prescribed in section 30, instead of the payment of all the outstanding debts of the corporation by the delinquent director. Section 30, c. 354, p. 966, Laws 1901. Section 5, p. 974, of this amending act, which became a law April 16th of that year, provided as follows:

"This act shall take effect immediately, but shall not affect any action or proceeding pending in any court at the time it takes effect or any right of any creditor of any corporation or of any stockholder against any director under existing law, provided action thereon be commenced within six months after this act takes effect, except as in this act otherwise provided."

On the 23d of July, 1901, the plaintiff, as a creditor of the Stiles Company, apparently had a cause of action, saved by the amending statute quoted, against the defendants by reason of their failure to

make and file the annual report referred to, and that cause of action
would be available to it for nearly three months.   In that situation,
on the day named, the directors, evidently desiring the corporation,
through the receivership, to pay its notes as far as possible before
enforcing the statutory cause of action against them, entered into
an agreement with the bank.   The agreement recited the outstanding
claim against the Stiles Company, and that the bank requested the
waiver by the directors of all "statutes of limitation" affecting their
liability, and it then proceeds as follows:

"Now, therefore, in consideration of the said Watertown National Bank
holding said claim until the receivership of the E. S. Stiles Press Company
is closed without taking any action thereon, we, the undersigned, hereby waive
any defense by way of said statute of limitations, * * * and also expressly
hereby waive the statute of limitations as to the claim of said Watertown Na-
tional Bank of Watertown, N. Y., against the E. S. Stiles Press Company, or
any claim of said Watertown National Bank against us as directors.   This
waiver shall not be construed as a waiver of any defense to the said claim
which has at this date become established, and is intended to prevent defenses
which are now ripening by lapse of time from becoming established."

The bank withheld the enforcement of its cause of action pending
the receivership, which was closed up March 23, 1907, and received a
dividend from the receiver; and on the 14th of September, 1908, 18
months later, commenced this action against two of the directors
to recover the full sum unpaid on the notes, by reason of their failure
to make and file the annual report provided for in section 30 of the
stock corporation law.

It is the claim of the appellant, among other things, that the saving
clause in section 5, c. 354, p. 974, of the Laws of 1901, and already
quoted, is a statute of limitations, and a waiver of its operation for
all time would be counter to public policy; and that it was the inten-
tion of the parties merely to suspend the operation of the statute dur-
ing the receivership, and when that relation was formally ended the
statute commenced running again, and effectually barred the cause of
action before suit was commenced.

The defendants were asking a favor of the bank.   They desired the
commencement of any action to be deferred until the receivership
ended.   In this way whatever payment was made on the notes by
the receiver would, to that extent, reduce their liability.   The bank
was willing to yield to the wishes of these directors, by getting what-
ever was possible from the primary debtor before resorting to the
statutory action against the directors.   It insisted, however, as a con-
sideration for the forbearance, which in all likelihood would be ex-
tended for a considerable period of time, that the directors should
waive any defense of the statute of limitations.   The cause of action
was saved only for six months, and the bank evidently intended by the
agreement to make certain that this limitation would not be in the
way of recovering of the directors.

There is nothing in the agreement to indicate that the operation of
the statute was to be suspended pending the receivership.   It is not so
expressed, and much need be read into it to permit that construction.
The waiver is unqualified, and there is no suggestion of a revival of

the running of the limitation after the discharge of the receiver. The appellant was not an indorser on the notes, and the only defenses which it was "intended to prevent * * * from becoming established * * * by lapse of time" were to the action inuring to the plaintiff by reason of violations of statutes. The parties, as the findings of fact show, knew precisely to what the waiver applied. If it had been expected to suspend the running of the statute in question for a definite time, the agreement would have so provided.

It is urged that a waiver of the statute of limitations for all time is violative of public policy, and many citations are made which, it is claimed, support that proposition. In Shapley v. Abbott, 42 N. Y. 443, 1 Am. Rep. 548, relied upon by the appellant's counsel, the waiver was by parol and without consideration, and the court held it was not sufficient. Judge Earl, in his opinion, in discussing the question of estoppel, did use expressions which, separated from the facts, are favorable to the contention of the appellant; and some of the text-books so hold. Probably an agreement, made at the inception of the liability, to the effect that the statute of limitations will never be interposed as a defense, would be flying in the face of the statute. We are not upholding the validity of an agreement of that character. In this case the statutory liability of the defendant would soon be cut off by the lapse of time provided for in the saving clause. The directors wished the plaintiff to forbear commencing suit to enforce this liability. The plaintiff consented to this request upon the explicit agreement of the directors to waive the operation of this especial statute of limitations. The agreement was founded on an adequate consideration, was for the benefit of the appellant, and the plaintiff has performed; and performance of the agreement by the party benefited does not offend against public policy.

We are not holding that every unqualified waiver of any statute of limitations for all time can be upheld. We simply decide that the present agreement is valid. The waiver of the statute of limitations, at least for a definite time, has frequently been upheld. Matthews v. Am. Cen. Ins. Co., 9 App. Div. 339, 41 N. Y. Supp. 304; Id., 154 N. Y. 449, 48 N. E. 751, 39 L. R. A. 433, 61 Am. St. Rep. 627; Utica Ins. Co. v. Bloodgood, 4 Wend. 652. Woods v. Supervisors, etc., 136 N. Y. 403, 32 N. E. 1011; Wilkinson v. F. Nat. F. Ins. Co., 72 N. Y. 499, 28 Am. Rep. 166. If a waiver for an indefinite time is contrary to public policy, then a waiver for six months, or five years, or any other specific time, should be within the like condemnation. In either case, the effect of the statute applicable is modified from its terms, either by extending or limiting it. The waiver of any right is generally recognized to be the personal privilege of the individual. People ex rel. McLaughlin v. Bd. Police Com'rs, etc., 174 N. Y. 450, 456, 67 N. E. 78, 95 Am. St. Rep. 596; Embury et al. v. Conner, 3 N. Y. 511, 53 Am. Dec. 325; Matter of Application of Cooper, etc., 93 N. Y. 507.

There are cases where an attempted waiver of the exemption statutes for the benefit of a householder has been held to offend against public policy. Kneettle v. Newcomb et al., 22 N. Y. 249, 78 Am. Dec.

186.  The object of the exemption statute is to preserve to the family of the householder the furniture and other enumerated articles necessary for their subsistence.  To permit families in straitened circumstances to be deprived of property intended by the Legislature to be secured for their dire needs, through the injudicious acts of the head of the household, would be contrary to public policy.  The protection of the home is essential for the welfare of the state.  A waiver of the exemption as to any part of this property would also be against public policy.  No such rule obtains in regard to any statute of limitations.  So it has been suggested that an agreement whereby the rights of the vendee in pursuance of section 116 of the lien law (Laws 1897, p. 541, c. 418, as amended by Laws 1900, p. 1624, c. 762) may be lost to him is not consistent with public policy.  Roach v. Curtis, 191 N. Y. 387, 391, 84 N. E. 283.  This law was also enacted for the protection of poor people against avaricious vendors of household furniture sold on the installment plan, and its salutary purpose ought not to be frittered away by agreements of waiver.

A waiver of the statute of limitations cannot be held invalid upon the hypothesis that the protection of poor people requires such a holding.  The essence of a statute limiting the time for the commencement of an action is that there should be a restriction upon the time when a cause of action may be asserted.  The period is fixed arbitrarily by the Legislature.  The parties may extend or shorten the period, if the contract is founded upon a good consideration and is reasonable.

It was held by the learned trial judge that the six months' time for the commencement of the action is a condition precedent to its maintenance.  While there is some doubt as to the correctness of this position, I think the weight of authority sustains it.  The right to maintain the action at all is abrogated, unless in certain contingencies it is commenced within six months.  This may be a limitation upon the cause of action or liability created.  Rowell v. Janvrin, 151 N. Y. 60, 45 N. E. 398; Colell v. D., L. & W. R. R. Co., 80 App. Div. 342, 80 N. Y. Supp. 675; Winter v. Niagara Falls, 190 N. Y. 198, 82 N. E. 1101, 123 Am. St. Rep. 540; Johnson v. Phœnix Bridge Co., 118 N. Y. Supp. 88.

It does not seem to me that the distinction in the present case is very material.  If the saving clause is a condition precedent, it must be alleged and proved by the plaintiff.  If a statute of limitations, it must be alleged and proved by the defendants.  In either case, it is for their benefit.  The parties made their agreement with particular reference to this limiting provision.  Whatever term may be applied to it, or by what mode of procedure its purport may be rendered effective, is not so very significant.  If it is contrary to public policy to destroy its efficiency in one case, that rule should obtain with like force in the other.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs.  All concur.