(137 App. Div. 68.)

### ARNOLD v. VILLAGE OF NORTH TARRYTOWN.

(Supreme Court, Appellate Division, Second Department. March 31, 1910.)

1. STATUTES (§ 188*) — CONSTRUCTION — CONDITIONS PRECEDENT AND SUBSEQUENT.

No particular words are necessary in a statute to create a condition precedent or a condition subsequent; but as conditions are not favored, they will not be presumed, where there is any doubt.

[Ed. Note.—For other cases, see Statutes, Dec. Dig. § 188.*]

2. MUNICIPAL CORPORATIONS (§ 1034*)—ACTIONS—CONDITIONS PRECEDENT OR LIMITATION—PLEADING.

Village Law (Laws 1897, c. 414) § 322, which provided that no action should be maintained against a village for damages for personal injury sustained from negligence of the village, unless commenced within a year after the cause of action accrued, prescribed, not a condition precedent, but a limitation, not necessary to be pleaded and proved by plaintiff, and, not having been pleaded by defendant, was not available by it at the trial.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 1034.*]

Appeal from Westchester County Court.

Action by Julia F. Arnold against the Village of North Tarrytown. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, BURR, RICH, and CARR, JJ.

Smith Lent (Clarence S. Davison, on the brief), for appellant.
George A. Blauvelt, for respondent.

CARR, J. This is an appeal from a judgment of the County Court of Westchester county in favor of the plaintiff in an action to recover damages from the defendant village for personal injuries claimed to have resulted from the negligence of the defendant in the care of its

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

streets.  At the time the action was brought Village Law (chapter 414, Laws 1897) § 322, provided that no action shall be maintained against a village for damages for a personal injury sustained by reason of the negligence of the village, unless the same shall be commenced within one year after the cause of action accrued.  The defendant claims that this provision creates a condition precedent, and that, unless compliance with it be pleaded and proved, as was not done in this case, the complaint should have been dismissed on the motion for that purpose made by the defendant at the trial.

If it be a condition precedent, the appellant is correct in his present contention.  If it be a limitation, then, as the defendant did not plead it, it was not available to him at the trial.  The appellant does not cite any authority for his contention that the provision in question created a condition precedent, and, although similar statutes have been construed by the courts very frequently in the past 20 years, no authority in support of the appellant's claim is to be found.  The decision of this court in Colell v. Delaware, L. & W. R. R. Co., 80 App. Div. 342, 80 N. Y. Supp. 675, is cited, however, as supporting by analogy the appellant's contention.  There, however, the question was not the same as is here.  There the action was to recover damages for a death caused by the negligence of the defendant in the state of Pennsylvania.  At common law such an action could not be maintained.  The statute of Pennsylvania which created the right of action provided that, to be maintained, it must be brought within one year after the cause of action accrued.  This court held that the time period was a condition precedent, and not a limitation.  Here, however, the plaintiff's right to maintain an action exists at common law, and was not created by any statute.  The statute which the appellant invokes did not create the right, but simply regulated its enforcement.  It might have made the time limit a condition precedent; but it did not so provide expressly, nor, according to the common rules of interpretation, did it do so by implication.  No particular words are necessary to create a condition precedent nor a condition subsequent; but it is the ordinary rule of interpretation that conditions are not favored, and that, where there is any doubt, they will not be presumed.  Graves v. Deterling, 120 N. Y. 447, 24 N. E. 655.

In McKnight v. City of New York, 186 N. Y. 35, 78 N. E. 576, a similar statute was before the Court of Appeals for construction (chapter 572, Laws 1886).  That statute provided that no action should be maintained against cities of a certain class unless brought within one year after the cause of action accrued.  In that case the plaintiff was an infant, and did not bring his action within the time provided.  The question was disposed of as one of limitation, and it was held that the period of limitation was suspended under section 396 of the Code of Civil Procedure by reason of the disability of the plaintiff; in other words, it was held that the time period was a limitation on the right to maintain the action, and accordingly controlled by the Code provisions as to limitations.

The judgment and order of the County Court should be affirmed, with costs.  All concur.