ROBERT C. SHEPARD, Plaintiff, *v.* JOHN G. KUSCH, Defendant.

(Supreme Court, Nassau Special Term, January, 1915.)

Deeds — county treasurer's — vacant lands sold for unpaid taxes — determination of claims to certain lands — Statute of Limitations — Laws of 1909, chap. 62, §§ 131, 132.

The owner of real estate is presumed to know that it can be sold for nonpayment of taxes.

Vacant lands owned by plaintiff were sold to defendant by the county treasurer for unpaid taxes of 1898, 1899 and 1900, and the deeds were recorded October 28, 1905. The lands were assessed as against a nonresident but the value of each lot and the quantity of land therein were not given as required by section 29 of chapter 908 of the Laws of 1896. Held, that had an action under sections 1638 et seq. of the Code of Civil Procedure to determine defendant's claim to said lands been brought in time the deeds of the county treasurer would have been set aside as void, but sections 131 and 132 of said statute of 1896 and the same numbered sections of chapter 62 of the Laws of 1909 were a bar to such an action commenced in 1914.

In the circumstances defendant's recorded deeds were such notice to plaintiff as to set running the Statute of Limitations.

That in such an action the burden was upon plaintiff to show that he had complied with said sections 131 and 132 of the Tax Law and by seeking relief within the time therein specified.

The action being a purely statutory one the time limitations stated in the Tax Law are a limitation of the liability and not merely of the remedy, and it was not necessary that the Statute of Limitations be treated as a defense, but permitting an amendment to the answer pleading such defense did no harm.

ACTION brought under article 5, title 1, of the Code of Civil Procedure, to determine defendant's claim to certain lands in Nassau county.

Simon & Weinstein and James A. Sheehan, for plaintiff.

Lincoln B. Haskin, for defendant.

CRANE, J. The plaintiff was the owner of certain lands in Nassau county which were assessed for taxes, 1898, 1899, 1900; subsequently they were sold by the county treasurer for the non-payment of taxes and deeds given to the defendant which were recorded on the 23d day of October, 1905. In 1914 this action was brought under article 5, title 1, chapter 14, of the Code of Civil Procedure to determine defendant's claim to the lots, the plaintiff alleging that the tax sales were void. It is a fact that the lands were assessed as against a non-resident and that the value of each lot and the quantity of land therein were not given as required by section 29 of chapter 908 of Laws of 1896. Therefore if this action had been commenced in time the deeds of the county treasurer would have been set aside as void. But this action was not commenced in time and the plaintiff is barred by the Statute of Limitations provided by sections 131 and 132 of the said law and by the same numbered sections of chapter 62 of the Laws of 1909. The property is vacant property without fence or other physical evidences of the possession or user of any one. The plaintiff has not paid any taxes since 1898 nor made any inquiry whatever regarding the property. He is presumed to know the Tax Law, that is, he is presumed to know that his real estate was being assessed in some form for taxes and that it could be sold for non-payment of taxes. Until recently he did not examine the records to ascertain whether the property had been sold for taxes. If he had made such an examination he would have discovered the defendant's deeds recorded in 1905. He has slept upon his rights until the value of the lots has so increased with time as to make them worth a law suit. Under these circumstances the defendant's recorded deeds constitute such notice as to the plaintiff to set running the Statute of Limitations. *Bryan* v.

8

*McGurk,* 200 N. Y. 333; *Peterson* v. *Martino,* 210 id. 412.

Judgment for defendant, with costs.

CRANE, J. This action brought under article 5, title 1, chapter 14, of the Code of Civil Procedure, is strictly statutory. No such action was maintainable at common law. *Vanderveer Crossings* v. *Rapelje,* 133 App. Div. 203; *Lewis* v. *Howe,* 174 N. Y. 340. By this action plaintiff seeks to have certain tax sales declared void, and the burden rests upon him to show that he. has complied with sections 131 and 132 of the Tax Law, and by seeking relief within the time therein specified. This being a purely statutory action, the time limitations stated in the Tax Law are a limitation of the liability and not merely of the remedy. Otherwise section 1638 of the Code would afford a relief which is barred by the Tax Law. Consequently the Statute of Limitations need not be pleaded as a defense. *Colell* v. *D., L. & W. R. R. Co.,* 80 App. Div. 342; *Pernisi* v. *Schmalz' Sons,* 142 id. 53; *Johnson* v. *Phœnix Bridge Co.,* 197 N. Y. 316; *Watertown Nat. Bank* v. *Bagley,* 134 App. Div. 831. *Arnold* v. *Village of North Tarrytown,* 137 App. Div. 68, is not opposed to this. As the Statute of Limitations need not have been pleaded, there is no harm in permitting the amendment of the answer setting it up as a defense.

Motion for reargument denied.