## SHEPARD v. KUSCH.

(Supreme Court, Special Term, Nassau County.   January 16, 1915.)

1. TAXATION (§ 810*)—TAX DEEDS—ACTIONS—LIMITATIONS.
      The right of action to determine adverse claims to real estate, given by
   Code Civ. Proc. §§ 1638–1650, is strictly statutory, and therefore one
   bringing such action to set aside a tax deed has the burden of proving
   compliance with the requirements of Tax Law (Consol. Laws, c. 60) §§
   131, 132, limiting actions against tax deeds.
      [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1605–1608;
   Dec. Dig. § 810.*]

2. TAXATION (§ 809*)—TAX DEEDS—LIMITATIONS—PLEADING.
      Since the defendant need not plead that statute as a defense, there is
   no harm in permitting after trial an amendment to the answer, so as
   to set it up.
      [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1385, 1600–1604;
   Dec. Dig. § 809.*]

Action by one Shepard against one Kusch.   Plaintiff's motion for
reargument after judgment for the defendant (151 N. Y. Supp. 436)
denied, and defendant's motion for leave to amend his answer granted.

Simon & Weinstein, of Brooklyn, for plaintiff.
Lincoln B. Haskin, of Hempstead, for defendant.

CRANE, J.   [1] This action, brought under article 5, tit. 1, c. 14,
of the Code of Civil Procedure, is strictly statutory.   No such action
was maintainable at common law.   Vanderveer Crossings v. Rapalje,
133 App. Div. 203, 117 N. Y. Supp. 485; Lewis v. Howe, 174 N.
Y. 340, 66 N. E. 975, 1101.   By this action plaintiff seeks to have
certain tax sales declared void, and the burden rests upon him to
show that he has complied with sections 131 and 132 of the Tax Law,
and by seeking relief within the time therein specified.   This being
a purely statutory action, the time limitations stated in the Tax Law
are a limitation of the liability, and not merely of the remedy.   Other-
wise, section 1638 of the Code would afford a relief which is barred
by the Tax Law.

[2] Consequently the statute of limitations need not be pleaded as
a defense.   Colell v. D., L. & W. R. R., 80 App. Div. 342, 80 N. Y.
Supp. 675; Pernisi v. Schmalz's Sons, 142 App. Div. 53, 126 N. Y.
Supp. 880; Johnson v. Phœnix Bridge Co., 197 N. Y. 316, 90 N.
E. 953; Watertown Nat. Bank v. Bagley, 134 App. Div. 831, 119
N. Y. Supp. 592.   Arnold v. Village of Tarrytown, 137 App. Div.
68, 122 N. Y. Supp. 92, is not opposed to this.   As the statute of
limitations need not have been pleaded, there is no harm in permit-
ting the amendment of the answer setting it up as a defense.

Motion for reargument denied.