FRANK MERRIAM CROCKER, as Executor, etc., Plaintiff, *v.* JOSEPH IRELAND, Defendant.

Supreme Court, Wyoming County, September 15, 1931.

*George M. C. Parker*, for the plaintiff.
*Kelly & Davison*, for the defendant.

HORTON, J.   On December 8, 1913, German B. Olin and Howard Olin gave to the International Harvester Company of America two negotiable promissory notes for $622.75 each, payable October 1, 1914, with interest at six per cent.

The notes were indorsed by the payee to the defendant without recourse and thereafter and before maturity, defendant indorsed same with a written guaranty to plaintiff's testator.   The indorsement and guaranty are as follows: " For value received I hereby guarantee the payment of the within note and all renewals and extensions thereof to the payee therein named, or any owner and holder thereof; and I hereby waive protest, due presentment, demand and notice of non-payment thereof; and I hereby waive diligence on the part of any holder thereof in collecting said note and all defenses arising out of lack of diligence in enforcing payment thereof.                                JOSEPH IRELAND."

Collections were made from the makers upon principal and interest from time to time until in April, 1929, said makers went through bankruptcy.   Proofs of claim were filed by the plaintiff for the unpaid balance of $633 upon the two notes but no dividends were received, and the executor of the indorsee now brings this action against the indorser.

The defendant sets up the Statute of Limitations and moves for dismissal of the complaint under rule 107 of the Rules of Civil Practice.   The plaintiff claims a waiver of the statute by the written guaranty above set forth.

Two questions, therefore, present themselves: *First,* does the instrument involved contain a waiver or attempted waiver of the Statute of Limitations?   *Second,* if so, is such waiver enforcible?

It is argued that a waiver of the statute must be express and specific and indicated by unequivocal language and that the words used here do not amount to such a waiver.   The court, however, does not believe that this statute should have any greater protection in the construction of agreements in regard thereto than any other proposition.   It is not looked upon with favor by the courts as a defense.   Indeed the court of last resort in a sister State, in discussing the duty of an executor to plead the statute as against a claim filed against his testator, said: " The law does not require an executor to make his testator ' sin in his grave ' by setting up an unconscientious defense." (*Halliburton* v. *Carson,* 100 N. C. 99.)

It was obviously the intention of the defendant, in framing this guaranty, to make it as broad and binding as possible.   Its language must be construed against him.   If the waiver of diligence and all defenses arising out of lack of diligence is to have any meaning

or effect at all, it seems to the court that it must include a waiver of the Statute of Limitations.

Whether this is an enforcible waiver is more troublesome. The court is familiar with the cases commonly cited as authority for the rule that it is against public policy for the obligor in a contract to waive for all time the benefit of this statute. (See *Shapley* v. *Abbott*, 42 N. Y. 443; *Mutual Life Ins. Co.* v. *U. S. Hotel Co.*, 82 Misc. 632; *St. Andrews Parish* v. *Gallagher*, 121 id. 167; *People* v. *Blake*, 121 App. Div. 613, LAMBERT, J., in dissenting opinion at p. 622.)

The case of *Shapley* v. *Abbott* (*supra*) is given as authority for the ruling by the other cases above and indeed is cited by text writers generally in stating the above as the rule in New York, contrary to that in many of the other States. (See *Quick* v. *Corlies*, 39 N. J. L. 11; *State Trust Co.* v. *Sheldon*, 68 Vt. 259.)

It is with diffidence, therefore, that this court disagrees with those who hold that in New York the Statute of Limitations cannot be waived by an instrument executed under the circumstances shown by the moving papers in this case. If the question had been squarely decided by the Court of Appeals in *Shapley* v. *Abbott* (*supra*), the court would apply the rule here, but expressions in the opinion in that case having to do with the enforcibility of the waiver of the statute there were obviously dicta as the waiver there was by parol while the statute, then as now, required it to be in writing.

This court can see no question of public policy involved, as in attempted waiver of exemptions given to indigent debtors (*Kneettle* v. *Newcomb*, 22 N. Y. 249), or violation of the statute against perpetuities (*Carrier* v. *Carrier*, 226 N. Y. 114).

Its provisions may be waived at a trial by not pleading the statute. To distinguish this form of waiver from that by agreement in advance seems to be a distinction without a difference. It is said to be a statute of repose, designed to afford security from stale demands after the true statement of the transaction may have been forgotten or be incapable of explanation. Here the whole transaction is set forth in the writing. It was founded upon an adequate consideration for defendant's benefit. The plaintiff's testator parted with his money in reliance upon the waiver and should not now be deprived of the benefits for which he paid. It has been said that this agreement is flying in the face of the statute. (*Watertown Nat. Bank* v. *Bagley*, 134 App. Div. 831, 832; *Mutual Life Ins. Co.* v. *U. S. Hotel Co.*, 82 Misc. 632.) What of it, if no principles of public policy are involved? A waiver of the statute at least for a definite time has frequently been upheld.

(*Utica Ins. Co.* v. *Bloodgood,* 4 Wend. 652; *Woods* v. *Supervisors, etc.,* 136 N. Y. 403; *Spicer* v. *Raplee,* 4 App. Div. 471; *Wilkinson* v. *First Nat. Fire Ins. Co.,* 72 N. Y. 499.)

In *Watertown Nat. Bank* v. *Bagley* (134 App. Div. 831, 835) SPRING, J., said, very pertinently: " If a waiver for an indefinite time is contrary to public policy, then a waiver for six months or five years, or any other specific time, should be within the like condemnation. In either case the effect of the statute applicable is modified from its terms either by extending or limiting it." Also (at p. 836): " A waiver of the Statute of Limitations cannot be held invalid upon the hypothesis that the protection of poor people requires such a holding. The essence of a statute limiting the time for the commencement of an action is that there should be a restriction upon the time when a cause of action may be asserted. The period is fixed arbitrarily by the Legislature. The parties may extend or shorten the period if the contract is founded upon a good consideration and is reasonable."

It is only another step to apply to this case the law as stated in *Quick* v. *Corlies* (39 N. J. L. 11), above cited: " No contract or agreement can modify a law, but the exception is, that where no principle of public policy is violated, parties are at liberty to forego the protection of the law. Statutory provisions designed for the benefit of individuals may be waived, but where the enactment is to secure general objects of policy or morals, no consent will render a non-compliance with the statute effectual. * * * This statute, limiting a time within which action shall be brought, is for the benefit and repose of individuals and not to secure general objects of policy or morals. Its protection may, therefore, be waived by those who assent in legal form; and when acted upon, such waiver becomes an estoppel to plead the statute." This court is in accord with the above and denies defendant's motion to dismiss. This decision recognizes the right of the parties to make their own contract, and has the added virtue that it may be of some assistance to the plaintiff in his attempt to have the defendant perform his agreement after plaintiff's testator has fully performed on his part.

This waiver was executed in 1914. The question may be asked why the Statute of Limitations does not run against it. The waiver is in effect an agreement not to set up the statute as a defense. So long as this agreement remains unbroken, the statute does not begin to run upon it. (See 1 Williston Cont. § 183; *State Loan, etc., Co.* v. *Cochran,* 130 Cal. 245.)

The agreement is not broken until the debtor pleads the statute. Until that time the statute does not run against the waiver.

Motion denied, with costs.